## Case No. 8,338.

LIDDLE v. CORY et al.

[7 Blatchf. 1.] [1]

Circuit Court, S. D. New York. Oct. 16, 1865.

PRACTICE IN CIVIL CASES—NECESSITY OF COLLATERAL ACTION—MASTERS IN CHANCERY—PROOF TAKEN BEFORE MASTER.

1. Where an injunction, restraining the infringement of a patent, was issued on a final decree in a suit in equity, and a motion was afterwards made for an attachment against the defendant, for violating the injunction by selling an article alleged to be an infringement of the patent, and it appeared that no such article had been sold by the defendant prior to the making of the decree, and it did not appear that such an article existed before the making of the decree, and an issue was fairly raised. on the facts, as to whether such article was an infringement of the patent: Held, that such issue could not be disposed of on a motion, on affidavits, but must be determined in a suit brought for the purpose.

[Cited in Buerk v. Imhaeuser, Case No. 2,108; Smith v. Halkyard, 19 Fed. 602.]

2. The case was not a proper one in which to direct proofs to be taken before a master.

This was a motion for an attachment against the defendants [Uzal Cory and William D. Cory] for violating an injunction issued upon a final decree, in a suit brought for the infringement of letters patent, granted to the plaintiff [Robert T. Liddle] for an improvement in air-heating furnaces. After the issuing of the injunction, the defendants sold and caused to be erected. a furnace, which they called the Excelsior Furnace, and which the plaintiff insisted was an infringement of his patent. The motion was founded on affi-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

davits of experts and others, tending to show that the furnace as erected by the defendants was in principle the same as the plaintiff's furnace. The motion was opposed by affidavits of experts and others, tending to show that all the parts and combinations patented by the plaintiff had been omitted in constructing the furnace in question, leaving it a furnace of·common and unpatented form, wholly different in principle from the plaintiff's furnace.

Thomas P. How, for plaintiff.
John J. Latting, for defendants.

BENEDICT, District Judge. The affidavits on both sides have covered many matters which I do not deem pertinent to the question involved in this motion. For the purposes of this motion, the decree in favor of the plaintiff must be deemed conclusive of all questions fairly involved in the suit, and, until it be set aside, as determining beyond dispute the validity of the plaintiff's patent, and that the acts complained of in the suit were an infringement. I therefore pass over the conflicting statements as to what was intended by the parties to be the ·effect of the decree, and consider only the question whether the sale and erection of the furnace now complained of, was an act manifestly, in substance, a repetition of the acts before complained of, and passed on by the decree rendered in the suit. This question a statement of the facts, as I find them on the proofs before me, will determine.

The plaintiff's invention consists in the construction of the main body of the furnace of one piece of corrugated metal, on the inside of which, by means of plates extending from the top downwards, across the corrugations, a series of tubes is formed around the circumference, so as to form smoke flues opening near the bottom of the body, without any vertical joints between the interior and exterior surfaces, and without the employment of cores in casting. A further part of his invention consists in making the lower section of a circular radiator, which rests upon the body, with its lower sides forming an acute angle, and in combination with small ledges cast at intervals around the V-shaped bottom of the radiator, the object being, by the detention, by means of these ledges, of ashes, soot, and dust upon the bottom of the radiator, to render the bottom more non-conducting. Now, it is shown, beyond dispute, in the affidavits before the court, and, indeed, is conceded by the plaintiff, that the Excelsior furnace, although it has a corrugated body, is without the plates on the inside or the outside, and without any contrivance·in their place intended to produce the same result as that produced by the plates in the plaintiff's furnace, the body of the Excelsior furnace being a simple corrugated body, without tubes of any sort whatever upon it. It is conceded, also, that the ledges cast upon the bottom of the radiator of the plaintiff's furnace are omitted in the Excelsior furnace, leaving the radiator with a smooth bottom, not calculated to detain upon ·it ashes, dust or soot. It is, moreover, made to appear, that no furnace like the Excelsior furnace had been sold by the defendants prior to the entry of the decree in this action, and there is no evidence before me that such a furnace existed before the decree. The Excelsior furnace was got up after the decree, and the defendants swear that it was intended, in good faith, to be so constructed as to avoid using any of the parts or combinations patented by the plaintiff. The experts produced by the defendants sustain them in this view, and make affidavit that the Excelsior furnace embraces none of the improvements secured by the plaintiff's patent, while the experts produced by the plaintiff express the opposite opinion. Such an issue, fairly raised by the facts of the case, cannot properly be disposed on a motion like the present, but should be left to be tried before the court in an action brought for that purpose. To hold otherwise would be to undertake to try an original cause upon affidavits.

It was strongly urged, upon the argument, that an order should be made directing proofs to be taken before a master, where the witnesses could be cross-examined. I should make such an order, without hesitation, if there was any reason to suppose that further proofs would show the changes made by the defendants in their furnace to be merely colorable alterations, introduced for the purpose of escaping the effect of the decree, or if there was any doubt as to what was the extent of the alterations made by the defendants; for, a defendant is not to be permitted to avoid a decree against him by making some slight changes in the article, and then boldly asserting that the new article is materially different from the one already passed upon and is no infringement. But here there is really no dispute as to what the alterations were, and the defendants call upon the court to say whether, in view of the plaintiff's patent, such alterations can be deemed merely colorable, and whether they have not the right to have their effect upon the principle of the plaintiff's patent passed on in a trial before the court, instead of upon a proceeding like the present. It seems to me clear, upon a statement of the case, as I find· it, that the differences disclosed to exist between the plaintiff's furnace and the Excelsior furnace should not here be held to be colorable, but that they raise questions not shown to have been raised before between these parties, and which cannot, with propriety, be decided in a proceeding like this.

The motion is, therefore, denied, leaving the plaintiff to his action, where his rights can be fully protected and properly adjudicated upon.