SMITH *v*. HALKYARD and others.

*(Circuit Court, D. Rhode Island.* February 9, 1884.)

**MOTION FOR CONTEMPT—PLAIN EVIDENCE REQUIRED.**

> To sustain a motion for contempt on account of the violation of an injunction issued to restrain the infringement of a patent, it must appear clearly and indisputably that the infringement continues.

In Equity. Motion for contempt.

*John L. S. Roberts* and *George L. Roberts,* for complainant.

*Wilmarth H. Thurston* and *Benj. F. Thurston,* for defendants.

Before LOWELL and COLT, JJ.

COLT, J. The defendants contend that they are not violating the injunction recently granted by this court by reason of certain changes made in their machine. The plaintiff claims that the defendants still infringe the first and seventh claims of the lacing-hook patent, as well as the patent for lacing-hook stock. The lacing-hook patent is for a combination. One of the elements of the feeding device mentioned in the first and seventh claims is a spring inserted in the groove along which the stock is fed, which operates to raise the stock and clear it from the dies. In their present machine the defendants use no spring. The inclines in the groove of the feeding mechanism are not, in our opinion, the equivalents of the spring, and do not perform the same function, and, as shown in the affidavit of Mr. Renwick, may be dispensed with altogether. By leaving out one element of the combination a serious doubt is raised as to the defendants' infringement.

As to the lacing-hook stock patent the position is strongly urged by the defendants that the patent is for stock with a series of alternate necks and indentations, and that in their present machine they only use a single neck and indentation at the end of the stock strip, and not a series. The plaintiff contends that, while at no moment of time a series exists, this is due to the fact that each neck and indentation is cut out as soon as formed, and that a series does exist in order of time or successively, as is shown by the successive holes in the waste strip. It is clear, from the specification and drawing, that the patentee contemplated the co-existence of a series of alternate necks and indentations. It is from stock so specially prepared in a series from which the blanks for the formation of lacing-hooks were to be cut. It may well be doubted whether, in view of the terms of the patent and the prior state of the art, the patent can be held to extend to a single neck and indentation.

Motions of this character are not granted unless the violation of the injunction is plain and free from doubt. Walk. Pat. 481; *Birdsall* v. *Hagerstown Manuf'g Co.* 2 Ban. & A. 519; *Liddle* v. *Cory,* 7 Blatchf. 1; *Welling* v. *Trimming Co.* 2 Ban. & A. 1; *Bate Refrig. Co.* v. *Eastman,* 11 FED. REP. 902.

Motion denied