GENERAL ELECTRIC CO. v. McLAREN.

(Circuit Court, D. New Jersey. October 16, 1905.)

1. INJUNCTION—CONTEMPT PROCEEDINGS FOR VIOLATION—BURDEN AND MEASURE OF PROOF.

The burden of proof to establish the violation of an injunction rests upon the complainant, and the defendant is entitled to the benefit of every reasonable doubt. The court should be convinced that its writ of injunction has been violated before it adjudges a defendant in contempt.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 183; vol. 27, Cent. Dig. Injunction, § 514; vol. 38, Cent. Dig. Patents, § 618.]

2. PATENTS—VIOLATION OF INJUNCTION—EVIDENCE CONSIDERED.

Affidavits alleging that defendant had violated the injunction of the court restraining him from practicing the process of the Howell patent No. 726,293, and answering affidavits, considered, and the evidence *held* insufficient to warrant an attachment for contempt.

In Equity. Suit for infringement of letters patent No. 726,293 for a process for exhausting incandescent lamps, granted to John W. Howell, April 28, 1903. On rule to show cause why defendant should not be adjudged guilty of contempt for violation of injunction.

Richard N. Dyer (John Robert Taylor, of counsel), for complainant. W. M. Brown, for defendant.

CROSS, District Judge. Upon application of the complainant on ex parte affidavits, this court allowed a rule to show cause why the defendant should not be adjudged guilty of contempt of court for violation of an injunction prohibiting him from making lamps or practicing the process of letters patent No. 726,293 in exhausting lamps, or from in any way further infringing upon said letters patent. The injunction was served on the defendant on the 13th day of January, 1905, and was issued pursuant to the final decree of this court in said cause, made in the month of January aforesaid; a decree pro confesso having been entered in said cause on the 10th day of December, 1904. The moving papers consist of the affidavits of Albert R. Page, Mary Kenny, and Arthur E. Little, and the depositions of the defendant and Bertha Sincock, taken before a master on an accounting. Page, Kenny, and Sincock were at one time employés of the defendant for longer or shorter periods. The witness Sincock was in the employ of the defendant for only a part of a day, some time in the summer of 1904. Page, after working for the defendant for nearly six months, left his employ either on the day the in-

junction was served or the day after. He swears it was the day after. Four witnesses for the defendant, however, say that it was the same day. He testifies that changes were made in the apparatus of the defendant the very day that the injunction was served, and that these changes were made, as he understood, "simply as an attempt on the part of the defendant to obtain the benefits of exhausting lamps through the use of the complainant's process, and evading, if possible, the injunction served upon him." This was the statement of his primary affidavit. In his affidavit of rebuttal he says:

"Possibly this change [in the apparatus] was not made for the purpose of avoiding or in the attempt to evade the effect of the injunction, but that was the understanding I obtained at the time the change was made."

At the best it was only the understanding of the witness, and does not appear to have been based upon any statement of the defendant, or of any one authorized to speak for him. If the changes were in fact made, and for the purpose indicated by the witness, it is not easy to discover why he was discharged the next day, because, as he says, the defendant, "in view of the injunction, had decided to close down his factory."

Under the circumstances, I am constrained to find that Page left the defendant's employ on the day when the injunction was served, since four witnesses are certainly less likely to be mistaken than one. Mary Kenny, who has also furnished an affidavit for the complainant, states that she entered the employ of the defendant on February 27, 1905, and left it on the 20th day of March, succeeding. At the time she entered his service, she was an employé of the complainant, and was induced by the complainant to enter the defendant's service for the purpose of ascertaining the method adopted and used by him in exhausting lamps. She does not state how many lamps she exhausted, but she says that lamps to the extent of between 250 and 300 per day were exhausted each working day by the defendant, and that exhausting lamps was the main work she did. All of the witnesses of the defendant say that she never exhausted a single lamp unassisted while she was there, and that she was unfamiliar with the defendant's process; and two of the witnesses swear that she personally admitted to them that she did not know how to and could not exhaust a lamp by the defendant's process.

The only other witness for the complainant is Arthur D. Little, an expert who, assuming that the affidavits of Page, Kenny, and Sincock set forth the process of exhausting lamps used by the defendant, says that the process so described is covered by the complainant's patent in suit, and that the use of such process is an infringement of its patent. It is obvious, however, that his opinion, so far as it is based upon the affidavits of the witnesses Page and Sincock, is without foundation. They both describe the process in use by the defendant prior to the service of the writ. Therefore the only real basis for the expert's opinion rests upon the disclosures made by the first affidavit of the witness Kenny, as her second affidavit was made subsequently to his. As to her, we observe that she was an employé of the complainant just prior to her entering the defendant's service, that she entered it at the instance of the complainant and in its interest, and that her testimony is contradicted by several witnesses on material points. These considerations make it unsafe to rest this case upon her sole affidavit. The court must

have more than a suspicion that the defendant has violated its injunction before it can hold him to be in contempt.

On a motion for an attachment for contempt on account of the violation of an injunction issued to restrain the infringement of a patent, it must appear clearly and indisputably that the infringement continues. Smith v. Halkyard et al. (C. C.) 19 Fed. 602. In the case of Cimiotti Unhairing Co. v. Frolloehr et al. (C. C.) 121 Fed. 561, Judge Lacombe, while strongly of the impression that the change made by the defendants in their original infringing machine was colorable, nevertheless said:

"Strong impressions are not sufficient warrant for holding a person in contempt, when such holding would involve his imprisonment."

In Accumulator Co. v. Consolidated Electric Storage Co. (C. C.) 53 Fed. 793, 796, Judge Green, of this circuit, says:

"With this doubt, then, as to the character of the defendant's grid existing, I think I should not grant the motion for attachment. This proceeding is criminal in its nature and character. and the same rule should govern as in the trial of indictments. The burden of proof establishing violation of the injunction is upon the complainant, and the defendants are entitled to the benefit of any reasonable doubt."

In California Paving Co. v. Moliter, 113 U. S. 609, 618, 5 Sup. Ct. 618, 28 L. Ed. 1106, the court says, Judge Bradley delivering the opinion:

"Process of contempt is a severe remedy and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct." Celluloid Mfg. Co. v. Chrolithian Collar & Cuff Co. (C. C.) 24 Fed. 585.

Cases of this character could be multiplied, but enough have been cited to show the rule which should govern the court on this motion.

The complainant, however, insists that the fact that the defendant has failed to set forth in detail the process used by him since the service of the injunction in exhausting lamps, is tantamount to an admission that he is violating the injunction; but an examination of the cases cited in its behalf does not bear out the position. In some of the cases referred to, the complainant offered no evidence at all, in others, access had been denied to the defendant's factory, and in others, the defendant said he did not know whether he was violating the injunction or not. Undoubtedly the fact that a defendant does not disclose his process when charged with continued infringement in violation of an injunction, is a proper matter for the serious consideration of the court, and unexplained should be taken strongly against him. In this case, however, I think the defendant's offer, made upon the accounting before this proceeding was instituted, again in his affidavit on this motion, and renewed by his counsel on the argument, that his factory was open to the inspection of any expert that the complainant might send there, negatives any implication which otherwise might arise from his failure to disclose his process in detail. In this connection it should be added that the defendant explicitly denies that he has disobeyed in any respect the mandate of the court, and denies that he has exhausted or is now exhausting lamps under complainant's patented process. Upon the whole case, I am not convinced that the defendant is violating the injunction.

The motion is therefore denied.