## CHARLES GREEN CO. et al. v. HENRY P. ADAMS CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1917.)

No. 19.

1. PATENTS ⬤➞326(4)—SUITS FOR INFRINGEMENT—SUPPLEMENTAL PROCEEDINGS FOR CONTEMPT OF INJUNCTION.

Modifications of an enjoined device will not be dealt with on a motion to punish for contempt, unless the change is a merely colorable equivalent, and the obtaining by the alleged contemptuous infringer, after the decree, of a patent for his new device, while it does not absolutely prevent either punishment for contempt or a supplemental injunction, is a circumstance of great weight in reaching decision.

2. PATENTS ⬤➞327—SUIT FOR INFRINGEMENT—SUPPLEMENTARY INJUNCTION.

Supplemental injunctive relief, after decree adjudging infringement, like preliminary relief, is a matter of grace and discretion.

3. PATENTS ⬤➞327—SUITS FOR INFRINGEMENT—SUPPLEMENTARY INJUNCTION.

If an asserted new infringement does not plainly render a new action and another trial an expensive futility, a supplementary injunction should not issue.

Appeal from the District Court of the United States for the Southern District of New York.

---

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the Charles Green Company and Arthur W. Clapp and Herbert C. Newell, doing business as Oberly & Newell, against the Henry P. Adams Company. Motions for a supplementary injunction and to punish for contempt denied, and plaintiffs appeal. Affirmed.

Appeal from order entered in District Court for the Southern District of New York refusing to issue a supplementary injunction or to punish the defendant for contempt. The Green Company and others own Patent No. 1,180,141. They brought against the defendant this usual suit in equity, for infringement, and after trial had a decree sustaining all the claims and ordering injunction and accounting. Subsequently defendant made and sold a new article of the same general kind as that declared an infringement. Thereupon plaintiffs moved for a supplementary injunction specifically restraining defendant from manufacturing or vending its new product, and for an order declaring defendant in contempt for having already done the same thing. This appeal is from the refusal of the lower court to grant either relief.

C. P. Goepel, of New York City (T. Hart Anderson, of New York City, of counsel), for appellants.

Charles H. Griffiths, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The practice of reaching evasive and persistently infringing defendants by supplementary injunction we have already substantially approved. Read Machinery Co. v. Jaburg, 223 Fed. 1022, 138 C. C. A. 659. That approval we reiterate, but the propriety of granting such relief should be ascertained with due regard to settled rules regarding alleged contempt of patent injunctions.

Modifications of enjoined devices have not been dealt with on motions to punish for contempt "unless the change was a mere colorable equivalent" (Crown Cork, etc., Co. v. American, etc., Co., 211 Fed. 653, 128 C. C. A. 154), and when the alleged contemptuous infringer had (after decree) obtained a patent covering his new device, such applications have usually been denied (Bonsack, etc., Co. v. National, etc., Co. [C. C.] 64 Fed. 858, and cases cited). We do not hold that the procuring of such new patent absolutely prevents either punishment for contempt or supplemental injunction, but it is a circumstance of great weight in reaching decision.

[2] Further, supplemental, like preliminary, injunctive relief is always matter of grace and discretion. Such applications are ordinarily heard on affidavits, although there are cases where references have been ordered which practically turned a petition for supplementary injunction into a new suit. Sundh Electric Co. v. General Electric Co. (D. C.) 217 Fed. 583; Id. (D. C.) 235 Fed. 708.

In this instance the District Judge exercised his discretion against plaintiffs' application, it appearing by the motion papers that after final decree defendant had applied for a patent (the proposed claims of which were disclosed) specifically covering the alleged new infringement, and it is agreed that since the hearing below defendant's patent has issued.

[3] If an asserted new infringement does not plainly render a new action and another trial an expensive futility, no supplementary in-

junction should issue. There is always a presumption of invention, novelty, and utility attaching to any patent, unless it be proved to have inadvertently issued. Safe, etc., Co. v. Globe, etc., Co., 242 Fed. 497, —— C. C. A. ——. If testimony and cross-examination are required to justify the issuing of supplementary injunction, there is small practical difference between such procedure and the institution of a new suit.

There is, however, a great difference between a supplementary injunction issued upon affidavits and preliminary relief. In the latter case the restraint is pendente lite only, and trial is often expedited by the urgency of preliminary restraint; but a supplementary injunction is not followed by any trial, and puts the burden of appeal upon a defendant who perchance might upon a trial convince the court of the patentable difference between what he had done before adverse decree and what he subsequently did. We are therefore indisposed to interfere with the discretion exercised by the lower court in this instance, and, since equity acts in præsenti, we are the more inclined to affirm because defendant has now the presumptions afforded by a patent in favor of a right to do what plaintiffs complain of.

For these reasons, the order appealed from is affirmed, with costs, without expressing any opinion as to the validity, scope, or interpretation of the defendant's recently acquired patent rights.