### ELECTRO–BLEACHING GAS CO. et al. v. PARADON ENGINEERING CO., Inc.

(District Court, E. D. New York. October 30, 1926.)

No. 1929.

**1. Patents ⬗326(4)—Proceeding for contempt in patent cause may be for both criminal and civil contempt.**

In patent causes, a proceeding for contempt may combine criminal and civil contempt, and embrace the public and private remedy in one proceeding; but defendant must not be left in any doubt that it is called on to face a criminal charge.

**2. Patents ⬗326(4)—Proceeding by order to show cause, entitled in patent suit, presumably for civil contempt.**

A proceeding for contempt for violation of the decree in a patent suit, instituted by motion and order to show cause entitled in the cause, is one for civil contempt only, in the absence of allegations showing otherwise.

**3. Contempt ⬗60(3)—Reasonable ground to doubt wrongful conduct will defeat proceeding for civil contempt.**

While a civil contempt need not be established beyond all reasonable doubt, if there is reasonable ground for doubting wrongfulness of defendant's conduct, it should not be adjudged in contempt.

**4. Patents ⬗326(2).**

Unless the change made by a defendant enjoined from infringement is a merely colorable evasion, he should not be adjudged in contempt.

**5. Patents ⬗259—Manufacturer of apparatus is not chargeable as contributory infringer, because purchaser uses it in manner not intended, and so as to infringe process patent.**

A defendant enjoined from infringement of a process patent, who manufactures and sells an apparatus of another patent, capable of performing the process of such patent, and intended and instructed by defendant to be so used, is not chargeable with contempt as a contributory infringer, because the purchaser, by using it in other than a normal manner, infringes the patent in suit.

In Equity. Suit by the Electro-Bleaching Gas Company and another against the Paradon Engineering Company, Inc. On motion by complainants to punish defendant for contempt. Denied.

See, also, 8 F.(2d) 890.

Wood, Molloy & France, of New York City, for plaintiffs.

Mayer, Warfield & Watson, of New York City, for defendant.

CAMPBELL, District Judge. This case comes before the court on a motion to punish the defendant for contempt. The order to show cause was granted July 9, 1926; the motion was argued August 25, 1926, and finally submitted October 15, 1926.

The plaintiffs seek to have the defendant and its officers adjudged in contempt of court for alleged violation of the terms of the interlocutory decree granted herein, and the injunction issued thereon, in selling apparatus for use in the United States of America, to wit, for the use of the city of Seattle, Wash., on Lake Washington, in practicing the process described in claims 4, 5, 6, 8, and 10 of letters patent of the United States No. 1,142,-361. That patent was held valid and infringed by the defendant, claims 4, 5, 6, 8, and 10 being the claims sued on, and the decree of this court was affirmed by the Circuit Court of Appeals, and its mandate was issued on May 11, 1926. 12 F.(2d) 511.

The injunction was issued December 9, 1925, and its operation was stayed pending

the appeal; but this court issued an order on June 17, 1926, which was served June 18, 1926, reinstating the injunction. On June 19, 1926, the city of Seattle advertised for bids for "two chloro-boats equipped with chlorinating apparatus, in accordance with specifications now on file." The specifications called for "two chloro-boats completely equipped with vacuum solution type chlorinating apparatus."

The Pacific Waterworks Supply Company submitted a bid June 24, 1926, to furnish the boats in accordance with the specifications. If this motion had been finally submitted by the plaintiffs solely on the papers on which the order to show cause was granted, I do not think any consideration of the merits would be necessary, because in my opinion the facts stated therein were not sufficient to warrant my finding the defendant, or its officers, in contempt. Supplemental affidavits, however, in support of the motion, have been filed, and defendant has answered them.

Defendant urges· that the motion must be denied, because plaintiff failed to specify whether the relief sought was to be punitive and vindicatory, or merely compensatory to the plaintiffs. I cannot agree with defendant's contention.

[1] It is well settled that there is a distinction between civil and criminal contempts, one criminal to punish disobedience, and the other remedial and civil to enforce a decree of the court and to compensate a private person. In·re Christensen Engineering Co., 194 U. S. 458, 24 S. Ct. 729, 48 L. Ed. 1072. It is not, however, error in patent causes to combine the two, and embrace the public and private remedy in one proceeding; but the defendant must not be left in any doubt that it is called upon to face a criminal charge. Kreplik v. Couch Patents Co., 190 F. 565, 111 C. C. A. 381.

[2] While form is not of major importance, a punishment for a criminal contempt should be entitled other than in the action on the patent, and the fact that the present motion is made on an order to show cause, which is entitled in the action, would, in the absence of specific demand that defendant and its officers be adjudged guilty of a criminal contempt, indicate that the plaintiffs are seeking to. have the defendant and its officers adjudged guilty of a civil contempt. Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

[3] The plaintiffs must establish the law and the facts relied on to make out the alleged contempt; but, as this is a proceeding to have the defendant adjudged guilty of a civil contempt, I am not prepared to say that the plaintiffs must establish their case beyond all reasonable doubt. Gompers v. Buck's Stove & Range Co., supra, at page 444 (31 S. Ct. 492). But the burden is heavy on the plaintiffs, and where there is reasonable ground to doubt as to the wrongfulness of. the conduct of the defendant, it should not be ·adjudged in contempt. California Artificial Stone Paving Co. v. Molitor, 113 U. S. 609, 5 S. Ct. 618, 28 L. Ed. 1106; Hanley v. Pacific Live Stock Co., 234 F. 522, 148 C. C. A. 288; General Electric Co. v. McLaren (C. C.) 140 F. 876.

Plaintiffs claim that the Pacific Waterworks Supply Company was the agent of the defendant, but this does not appear to me to be sustained by the evidence in the form of affidavits, which have been furnished on behalf of the plaintiffs. By the supplemental affidavits, furnished on behalf of the plaintiffs, it is also attempted to show that the defendant and its officers have also violated the injunction in selling apparatus to Stamford, Conn., which they knew was to be used in performing the process described in the said claims of the said patent on which plaintiffs' suit was based.

[4] Strictly speaking, the defendant was by the order granted herein required to show cause only with reference to the chloro-boats on Lake Washington; but the main question on this motion seems to me to be whether the defendant has, since the reinstatement of the injunction, by the use of a mere subterfuge, attempted to escape from obeying the injunction, because, unless the change made by the defendant is a merely colorable equivalent, the defendant should not be punished for contempt. Charles Green Co. v. Henry P. Adams Co., 247 F. 485, 159 C. C. A. 539.

The defendant offered evidence to show that it has in good faith, subsequent to the reinstatement of the injunction, sold and installed apparatus which fairly embodies the structure patented by the Bull patent, No. 1,012,809, claim 1 thereof, which is adapted and intended to perform, and normally does perform, the process patented by the other Bull patent, No. 1,012,808, by claim 2, both of which patents defendant is licensed to use, and, unless I am convinced that this is not true, then the defendant and its officers cannot be adjudged in contempt.

At the start it must be understood that we are not engaged in a retrial of this case. The law of this case has been settled, and plaintiffs' patent is a valid patent. The Bull patent, No. 1,012,808, has been held in this

case not to anticipate the patent in suit, and it cannot now be so construed that it will accomplish that purpose; but Bull did patent a method for purifying water, viz. patent No. 1,012,808, and an apparatus for practicing that process, viz. patent No. 1,012, 809, both of which patents antedated the patent in suit.

No patent covering the plaintiffs' apparatus was in suit, only the process patent, and therefore, if the defendant, in practicing a process not taught by the patentee in the plaintiffs' patent, uses an apparatus however similar to that used by the plaintiffs, it is not guilty of contempt.

I cannot agree that the defendant, under the Bull patent, in view of the holding of the District and Circuit Courts in this suit, can sell and install its apparatus, intending that the same shall be used, not to make ferric chlorine and purify the water therewith, but to simply run the chlorine solution through a pot containing iron, which after a short while will cease to make ferric chlorine, and treat the water only with the chlorine solution.

[5] If, however, the apparatus sold and installed by the defendant is an embodiment of the Bull patent, and capable of practicing, when normally used, the process described in the Bull process patent, and the defendant gives the proper instructions for its use, and intends it shall be so used, it does not seem to me defendant could be held guilty of contempt, as a contributory infringer, if the purchaser, using it in other than a normal manner, should infringe and render itself liable therefor.

Westinghouse Electric & Mfg. Co. v. Precise Mfg. Co. (C. C. A.) 11 F.(2d) 209, does not seem to be strictly in point, because plaintiff did not sue on an apparatus patent, and the defendant can be punished for contempt only for selling and installing its apparatus, to be used in practicing the process of the Ornstein patent.

From the affidavits of the plaintiffs' experts it would appear that the apparatus at Seattle will at first carry out the Bull process, but will ultimately, in the event of the supply of iron not being maintained, carry out the Ornstein process. If this be so, then the question of fact is presented: Did the defendant give the proper instructions as to keeping the pot filled with iron? And on the evidence I cannot find that it did not.

This is likewise true with reference to the apparatus supplied at Stamford. I have read with care the affidavits furnished, first by one side and then by the other, during a fairly long period of time, and have considered all the evidence; but it hardly seems necessary for me to recite the same. I may say, however, that positive averments by an affiant of matters within his own knowledge are entitled to, and should receive, greater weight than statements by an affiant of what some one else has told him.

Both sides have presented the affidavits of capable and respected experts, but the conflict in the evidence so offered is so sharp that I am unable to say that I am convinced that plaintiffs' contention is sustained. While some experiments are described, they were experiments in which the other side did not participate, and were based upon assumptions which do not, in all cases, seem to me to have been justified.

A careful consideration of the fact testimony contained in the affidavits offered on behalf of the plaintiffs, and of the fact testimony contained in the affidavits offered on behalf of the defendant leaves me with a reasonable doubt that the defendant and its officers have been guilty of contempt. It therefore seems to me that the plaintiffs have not borne the heavy burden imposed on them in a proceeding to punish the defendant for contempt.

Whatever may be necessary in order to determine the issues, if a motion for a supplemental injunction be made, need not be considered at this time, although such motions are frequently decided on affidavits; but this is not a motion for a supplemental injunction, but a motion to punish for contempt.

Motion denied, but without prejudice to a motion for a supplemental injunction.