## CITY OF CAMPBELL, MO., et al. v. ARKAN-SAS–MISSOURI POWER CO.
### No. 9648.

Circuit Court of Appeals, Eighth Circuit.
May 16, 1933.

Willard A. McCaleb, of St. Louis, Mo. (C. D. Bray, of Campbell, Mo., John H. Bradley, of Kennett, Mo., and James C. Jones, Lon O. Hocker, and Frank H. Sullivan, all of St. Louis, Mo., on the brief), for appellants.

D. C. Chastain, of Butler, Mo. (T. R. R. Ely, of Kennett, Mo., and Gardner Smith and A. Z. Patterson, both of Kansas City, Mo., on the brief), for appellee.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order adjudging the appellants guilty of a civil contempt and appointing a master to determine the damages recoverable.

The appellee is the holder of a nonexclusive franchise to furnish light and power in the city of Campbell, Mo. The city, under the laws of Missouri, could erect and operate its own electric plant. In 1930 bonds in the amount of $20,000 were issued and sold by the city for that purpose. The proceeds were used to construct a power house and distribution system. The city, in order to complete the plant and system and make it operative, purchased from Fairbanks, Morse & Co. the necessary machinery under a conditional sales contract whereby all net earnings of the enterprise were to be used to pay for the machinery. The machinery was installed, and the city entered into competition with the appellee in the sale and distribution of electricity. The appellee brought suit to enjoin the city, its officers, and Fairbanks, Morse & Co. from operating the city plant under the contract between the city and the company, on the ground that the contract was invalid because it increased the indebtedness of the city beyond the limit permitted by law. A permanent injunction issued and an appeal was taken to this court. The decree of the lower court granting the injunction was affirmed. (C. C. A.) 55 F.(2d) 560. The reasons for the affirmance are clearly and definitely stated in the opinion. It was held that the contract between the city and Fairbanks, Morse & Co. increased the city's indebtedness, for two reasons: (1) While the payments for the machinery were to be made only from net earnings, such earnings were attributable in part to the city's investment in the plant and distribution system, and were therefore partially derived from an expenditure of money raised by taxation; and (2) the city was required, under the contract, to pay for the light and power which it used, so that the payment of the entire net earnings to Fairbanks, Morse & Co. included moneys derived by the city from taxes. The decree of injunction sustained by this court did not prohibit the city from operating its plant, but only prohibited it from operating it under the contract held to be illegal. With reference to this contract, Judge Gardner, who delivered the opinion of this court said [page 563 of 55 F.(2d)]:

"It remains to consider whether the contract created an indebtedness. If it did not create such indebtedness, then the acts of the defendants were authorized, and the plaintiff had no just grounds for injunctional relief."

After that decision, the city entered into another contract with Fairbanks, Morse & Co. for the acquisition of the machinery. The provision of the first contract that the city should pay for power consumed by it was eliminated. The new contract did not require that all net earnings should be devoted to payment for the machinery, but provided instead that the total net earnings were to be divided by the city and Fairbanks, Morse

& Co. in proportion to the cost of the contribution made by each to the entire plant and distribution system. It was sought thus to obviate the objections which were made to the former contract and which this court held rendered it invalid and the appellee entitled to injunctive relief.

The court below, upon application of the appellee, then cited the appellants to show cause why they should not be held in contempt for operating the plant under this new contract. While the appellee asserted in that court that the appellants had failed to avoid, by the new contract, an increase in the indebtedness of the city, no substantial support for that ground of objection appears in the record and no reliance was placed by the trial court upon it in reaching the conclusion that the appellants were guilty of contempt. Therefore, for the purpose of this appeal we think it must be assumed that the new contract has fairly met and avoided all the objectionable features of the old contract upon which the court below and this court relied in granting and sustaining the injunction, and that the court below must be regarded as having found the appellants guilty of contempt for having operated the city's plant under a new contract which does not have the effect of increasing the indebtedness of the city.

The order appealed from is based upon the proposition that, under section 12a of article 10 of the Constitution of Missouri, the new contract is invalid because the plant is not exclusively owned by the city—Fairbanks, Morse & Co. having retained title to the machinery, which is obviously an essential part of the plant.

Section 12a provides: "Any city in this State, containing not more than thirty thousand (30,000) inhabitants, may, with the assent of two-thirds (⅔) of the voters thereof voting at an election held for that purpose, be allowed to become indebted in a larger amount than specified in section 12 of article 10 of the Constitution of this State, not exceeding an additional ten (10) per centum on the value of the taxable property therein, for the purpose of purchasing or constructing waterworks, ice plants, electric or other light plants, to be owned exclusively by the city so purchasing or constructing the same."

■■ We shall assume, for the purpose of this appeal, that the court below was correct in holding that the new contract was in contravention of the provisions of the Constitution which we quote. But we think it does not follow that, for that reason, it was warranted in holding that the operation of the plant under that contract constituted a violation of its decree enjoining the operation of the plant under the first contract, which was held to be invalid for another reason.

One's first impression might well be that, if the new contract was clearly void, although for a reason not urged with reference to the old contract, no substantial injustice would be done in sustaining the method of procedure adopted by the appellee and the lower court, since the question of the validity of the new contract could be as promptly and effectively disposed of in a proceeding for contempt as otherwise. However, the difficulty with this method is that, in order to be found guilty of even a civil contempt, it must appear that the appellants were doing something which constituted a violation of the letter or spirit of the injunction. If the new contract was in substance the same as the old and was subject to the same objection which was urged against the old, so that the new contract could be said to constitute merely a colorable evasion of the court's decree, we would have no hesitation in affirming the order which the court has made. The appellee might, however, have a clear right to an injunction against operation under the new contract without having the right to have the appellants punished for contempt. No matter how illegal the contract between the city and Fairbanks, Morse & Co. may be, and no matter how plain the right of the appellee to have it enjoined, the contract is not the same contract the performance of which was prohibited, and the operation of the plant under it is not contempt of court unless it is clear that the new contract is a mere colorable departure from the old. Since the illegality of the new contract, if it is illegal, rests upon a different ground than that which was held to invalidate the old contract, we do not feel justified in holding that the difference between the two is merely colorable.

■■ However desirable it might be to dispose of this controversy in this proceeding, it cannot be done over the objection of the appellants. A proceeding for civil contempt has as its object remedial punishment "by way of a coercive imprisonment, or a compensatory fine, payable to the complainant." Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 448, 31 S. Ct. 492, 501, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; Oriel v. Russell, 278 U. S. 358, 364, 365, 49 S. Ct. 173, 73 L. Ed. 419. A proceeding for criminal contempt seeks punishment to vindicate the authority of the court. When it is doubtful

428

whether a decree of injunction has been violated, a court is not justified in punishing for contempt, either criminal or civil, for the reason that no one can say with any degree of certainty that the authority of the court needs vindication or that the aggrieved party is entitled to remedial punishment.

"Process of contempt is a severe remedy, and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct." California Artificial Stone Paving Co. v. Molitor, 113 U. S. 609, 618, 5 S. Ct. 618, 622, 28 L. Ed. 1106. See, also, Hanley v. Pacific Live Stock Co. (C. C. A. 9) 234 F. 522, 531; Accumulator Co. v. Consolidated Electric Storage Co. (C. C.) 53 F. 793, 796; General Electric Co. v. McLaren (C. C.) 140 F. 876, 878; Electro-Bleaching Gas Co. v. Paradon Engineering Co. (D. C.) 15 F.(2d) 854, 855; General Mfg. Corp. v. Gray (D. C.) 48 F.(2d) 602, 604; Smith v. Halkyard (C. C.) 19 F. 602; Cimiotti Unhairing Co. v. Frolloehr (C. C.) 121 F. 561.

The order of the District Court is reversed, without prejudice to the right of the appellee to seek injunctive relief against the operation of the city's plant under the new contract, if it be so advised.