**ALLIGATOR CO. v. CIAROCHI.**

Civ. No. 7569.

United States District Court
E. D. Pennsylvania.

Nov. 22, 1950.

John D. Myers, Philadelphia, Pa., Zabel & Gritzbaugh, Chicago, Ill. (Bayard Jones, Chicago, Ill., of counsel), for plaintiff.

Furia & DiCintio and Caesar & Revise, all of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff has filed a motion that defendant be adjudged in contempt of an order of this Court for failure to obey an injunction. The facts, briefly, are found as follows:

1. On November 24, 1947 a consent judgment was entered against the defendant, containing an injunction preventing the defendant

(a) From using or displaying, in connection with the advertising and sale of belts, tie clips and other articles of apparel or adornment, the word "alligator" prominently and distinctively; or in any other manner, except as it may occur without emphasis in the body of a paragraph; or except as it may occur in the phrase "made of alligator leather", "genuine imported alligator leather", or the like; or except as it may occur unemphasized in a sentence or phrase if modified by a preceding word or words indicating its use in its primary, dictionary sense; or, except as it may be preceded by a prominently and distinctively displayed trade-mark or trade name belonging to defendant.

(b) From otherwise infringing plaintiff's registered trade-mark Alligator.

(c) From using or displaying the designations "The House of Alligator" and "The House of Alligator Leather Accessories", or any other designation serving to identify defendant, or his business, or good will, which contains the word "alligator", except as it may form a part of the phrase "made from alligator leather", or the like.

(d) From otherwise unfairly competing with plaintiff by the use of advertisements in which the word "alligator" is so used as to cause the public to infer there is a trade connection between defendant and plaintiff.

2. Subsequently to the date of the consent decree:

(a) defendant has used and displayed the designation "The House That Alligator Leather Built" to identify defendant, and his business and his goodwill;

(b) defendant has used and displayed the designation "Quoth The Alligator, 'I'd Give My Life To Be A Styligator'" to identify defendant, and his business and his goodwill;

(c) defendant has used and displayed the phrase "The Only Alligator Belt Specialist in America", in connection with the advertising and sale of belts;

(d) defendant has used and displayed the phrase "Handsome Alligator Belt" and the phrase "Alligator Belts", in connection with the advertising of belts;

(e) defendant has used and displayed the designation "Styligator" in connection with the advertising and sale of belts, wallets and other articles of apparel and adornment.

## Discussion

The designation "The House That Alligator Leather Built" is clearly a violation of paragraph (c) of the injunction. The phrase is patently a colorable variation of the enjoined designations "The House of Alligator Leather" and "The House of Alligator Leather Accessories".

Nor does the designation qualify as an exception to the injunction.

The phrase "The Only Alligator Belt Specialist in America" falls directly under the ban of paragraph (a) of the injunction. The word "alligator" is displayed prominently and distinctly, and it does not occur unemphasized in a sentence modified by a preceding word or words indicating its use in its primary, dictionary sense. If it is true that the word "alligator" as so used does actually refer to an animal, or that it would convey such a meaning to the trade, as it very well might, that is a matter which was settled in framing the terms of the consent decree. The injunction, as written, has been violated. The phrases "Handsome Alligator Belt" and "Alligator Belts" are similarly objectionable.

The designation "Styligator" is claimed by plaintiff to be prohibited to the defendant under the terms of the injunction. With this contention I cannot agree. There is some similarity of sight and sound between the two words, and perhaps the plaintiff would be entitled to a separate injunction preventing the defendant use of the designation as infringing on its own trade-mark, see City of Campbell, Mo. v. Arkansas Mo. Power Co., 8 Cir., 65 F.2d 425; or to relief under paragraphs (b) and (d) of the injunction, upon the presentation of the proper evidence. Such evidence, e. g., the confusion of the public or the trade by defendant's use of the designation, was not adequately presented, and I cannot find as a fact that the plaintiff's trade-mark has been infringed, or that there has been unfair competition by defendant. See Singer Mfg. Co. v. Seinfeld, 2 Cir., 89 F.2d 35. The issue framed by the plaintiff's presentation of his case is merely whether the designation "Styligator" is a colorable variation or evasion of the enjoined usage of the word "alligator". The side by side comparison, despite the similarity, is not conclusive; and in view of the defendant's evidence, I feel that his designation is not a mere colorable imitation and that it escapes the interdiction of the consent decree on this motion.

Consequently, the slogan, "Quoth The Alligator, 'I'd Give My Life To Be A Styligator'", does not offend on the ground of its inclusion of the designation "Styligator". Further, the word "Alligator" in that slogan, being preceded by the definite article, distinctly refers to an animal under the specific exception to paragraph (c) of the injunction. If the slogan is in any way effective to disparage the plaintiff's good will and reputation, that is a matter which he is at liberty to pursue with the presentation of the proper evidence in the appropriate manner. He cannot, however, fit the slogan into the four corners of the injunction merely by pointing to it.

The defendant's motion to dismiss, on the ground that plaintiff's motion fails to state any claim upon which relief can be granted, will be denied. And, in view of the foregoing discussion, defendant's motion to dismiss, on the ground that contempt proceedings do not lie because the allegedly new illegal acts were not merely colorable variations or evasions of the enjoined act, will likewise be denied.

## Conclusions of Law

1. The use by the defendant of the designations and phrases:

(a) "The House That Alligator Leather Built",

(b) "The Only Alligator Belt Specialist in America", and

(c) "Handsome Alligator Belt" and "Alligator Belts" constitutes a violation of the final consent judgment of November 24, 1947, and a violation of the injunction issued pursuant thereto.

2. The use by the defendant of the designations and phrases: (a) "Styligator" and (b) "Quoth The Alligator, 'I'd Give My Life To Be A Styligator'" does not constitute a violation of the consent judgment of November 24, 1947, or a violation of the injunction issued pursuant thereto.

3. The defendant is ordered to discontinue the use of the designations and phrases listed in the First Conclusion of Law, in connection with the advertising and sale of belts, tie clips and other articles of ap-

parel or adornment, or to identify defendant, his business or good will.

4. Defendant's motion to dismiss is denied.

5. No compensation is awarded to the plaintiff herein.