ENTERPRISE MANUF'G CO. OF PENNSYLVANIA *v.* SARGENT *et al.*

(*Circuit Court, D. Connecticut*   December 23, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—VIOLATION OF INJUNCTION—CONTEMPT.

Defendants, having been enjoined from infringing the 1st, 2d, and 6th claims of letters patent No. 271,398, issued January 30, 1883, to John G. Baker, for a machine for mincing meat, etc., constructed a machine in exact accordance with those claims, but having in addition thereto a detachable frame containing three stationary blades through which the meat is pressed by the forcing screw, thus cutting it to some extent before it reaches the rotating knives. Plaintiff moved for an attachment for contempt, on the ground that the detachable frame was of no practical value, but defendants filed affidavits alleging that with the attachment from 21 to 38 per cent. more meat was cut than without it. *Held*, that this presented a new question, which could not be tried in a contempt proceeding.

In Equity. Motion to attach for a contempt in violating an injunction.

*Charles Howson* and *Charles E. Mitchell*, for plaintiff.

*John K. Beach* and *Edmund Wetmore*, for defendants.

SHIPMAN, J. This is a motion for attachment of the defendants for contempt for the alleged violation of an injunction against the infringement of the 1st, 2d, and 6th claims of letters patent No. 271,398, dated January 30, 1883, to John G. Baker, assignor to the plaintiff, for a machine for mincing meat and other plastic substances. The construction of the machines which were the subject of the controversy upon the previous hearings, the principle and characteristics of the patent, and the nature of the difference between the patentee's device and its predecessors, were explained in 28 Fed. Rep. 185, and 34 Fed. Rep. 134. The new machine of the defendants, which is the subject of the present motion, is the Baker machine, made in exact accordance with the patent, so far as the 1st, 2d, and 6th claims are concerned, with the following addition: The forward edge of the end of the forcing screw is enlarged into a lip having a sharp edge. Between the outer end of the forcing screw and the rotating knife is a stationary, but detachable, frame, in which are three stationary blades. As the forcing screw revolves and delivers meat, the meat is, before it reaches the rotating knife, cut, to a certain extent, between the sharp edge of the lip of the screw and the three stationary blades within the frame. The theory of the plaintiff, when it brought the motion, was that the three-bladed detachable frame was a thing of no practical value or importance, and was not expected, by its makers, to be of assistance in cutting; and, furthermore, that it could be taken out of the machine and laid aside without affecting the usefulness of the structure. The affidavits of the defendants strongly tend to the conclusion that it aids in the cutting of meat. The tests which the defendants made were, if accurate, to the effect that the new machine delivered, with the same number of revolutions and under the same circumstances, from 21 to 38 per cent. more cut meat than the unaltered Baker machine, and, for the purpose of the decision of this motion, I must assume that the addition of the three-bladed frame en-

abled the machine to cut a substantially greater amount of meat in the same time, and without known increase of power.

It thus appears that the question has shifted from the one which was presented upon the plaintiff's affidavits, and is now, as to the *status* of the modified Sargent machine, upon the theory that the defendants' affidavits are true. The principle of the Baker machine was a different one from that of its predecessors. Whereas the Miles machines relied upon cutting by knives before the meat reached the perforated plate, and permitted that plate and its cutter to perform only a minor part in the operation, the Baker machine relied entirely upon the knife and perforated plate at the end of the case, the screw acting merely as a forcing device, and the new territory which the invention occupied was pointed out with great distinctness in the Baker patent. In the preceding hearings in the case the patentable novelty of the Baker machine, and whether the Sargent machine, as then constructed, was a Baker or a Miles machine, were the questions before the court, which was not considering unknown modifications of either device. The defendants now insist that a new question, involving an heretofore undecided construction of the patent, is presented by the motion, and that until that question has been decided there can be no ground for a suggestion that they have been guilty of contempt. On the other hand, the plaintiff says that the question is, can the defendants escape the charge of infringement, and of willful disregard of the injunction order, by adding to an exact copy of the Baker machine, so far as the 1st, 2d, and 6th claims are concerned, a cutting device, at the end of the forcing screw, which is not needed, and which is not the means by which the cutting of meat for domestic purposes is substantially accomplished, or upon which reliance is placed for the success of the machine? The plaintiff says, in brief, that the new Sargent machine is simply an addition to the Baker machine of an unnecessary cutter.

Notwithstanding the character of the plaintiff's suggestions, it is true that this is a motion for contempt for violation of an injunction order, and that the former opinions of the court were not directed to the structure as now modified, and that, to a certain extent, a new question has arisen which requires the court to re-examine the self-imposed limitations of the patent. A motion for attachment for contempt is not adapted to the trial of a question of this kind. I am therefore of opinion that the motion should be denied, but without prejudice to the plaintiff's right to file a supplemental bill in the original suit, which is still pending, or to file an original bill, as it may be advised. *Allis* v. *Stowell*, 15 Fed. Rep. 242; 3 Rob. Pat. 649.