## RAJAH AUTO SUPPLY CO. v. GROSSMAN.

(Circuit Court of Appeals, Second Circuit. June 12, 1913.)

### No. 261.

PATENTS (§ 326*)—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION—PUNISHMENT FOR CONTEMPT.

　　Punishment of a defendant for contempt for violation of an injunction against infringement of a patent is not warranted where the question of the violation of the order is doubtful both on the law and facts.

　　[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Rajah Auto Supply Company against Emil Grossman. From an order denying a motion to punish defendant for contempt, complainant appeals. Affirmed.

E. R. Newell, of New York City, for appellant.

C. C. Gill, of New York City, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. This is an appeal from an order, which the complainant contends is a final decree, denying a motion to punish the defendant for contempt for an alleged violation of an injunction which enjoins the defendant from infringing the claims of complainant's patent No. 825,856 for improvements in spark plugs. The defendant is not charged with making or selling the patented device but it is charged with contributory infringement in making and selling porcelain shells which can be used not only in connection with the complainant's spark plug but also in connection with many other spark plugs dealt in extensively by those engaged in furnishing automobile supplies. The defendant asserts that the District Court was correct in denying the motion for the following reasons: First. The decree appealed from is not final. Second. There is no pretense of direct infringement and the selling of the conical porcelains with the intent that they be used in the complainant's spark plugs is not proven. Third. The evidence of infringing sales, upon which complainant relies, was obtained by letters induced by it which were answered by a typewriter in the defendant's office without the knowledge or consent of defendant. Fourth. The matter of which the complainant complains is too trivial to justify the drastic remedy which the complainant invokes.

We do not deem it necessary to enter upon an extended discussion of these questions or to decide them. It is enough that the complainant's case is too doubtful, both on the facts and the law, to warrant the court in punishing the defendant for contempt.

The order appealed from is affirmed.