**EUREKA TOOL CO. OF KANSAS v. WIRE ROPE APPLIANCE CO. OF TULSA, OKL.**

(Circuit Court of Appeals, Eighth Circuit. May 7, 1920. Rehearing Denied August 2, 1920.)

No. 5429.

Patents ⬩326(2)—Colorable evasion of injunction punishable as contempt.
    A change in construction of an infringing device *held* merely colorable, and its continued use to subject defendant to proceedings for contempt for violation of an injunction against infringement.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by the Wire Rope Appliance Company of Tulsa, Okl., against the Eureka Tool Company of Kansas. From a judgment for contempt, defendant brings error. Affirmed.

For opinion below, see 256 Fed. 677.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Vernon E. Hodges, of Washington, D. C. (Winfield Freeman, of Topeka, Kan., on the brief), for plaintiff in error.

Darwin S. Wolcott, of Pittsburgh, Pa. (Albert H. Bell and Ray S. Fellows, both of Tulsa, Okl., on the brief), for defendant in error.

Before HOOK and STONE, Circuit Judges, and LEWIS, District Judge.

STONE, Circuit Judge. Error from judgment of contempt for violation of injunction granted to protect Prosser patent, No. 1,045,-883, dated December 3, 1912, from infringement. After the injunction was granted, plaintiff in error ceased manufacturing the device then in suit, and manufactured another device, upon which the citation for contempt was issued. The validity of the patent is not, and cannot be, questioned in this proceeding, nor can the question of infringement of the earlier device be again litigated between these parties in this proceeding.

The Prosser patent was for a swivel jar socket used in attaching the drill line to the drill used in deep oil and gas drilling. The features of this device were that when the drill struck bottom a core in the socket loosely lowered a short distance, thus permitting the line to turn, and when the line was lifted the core arose sharply against the top of the socket, giving a blow which tended to loosen the drill point. The earlier device of plaintiff in error, against which the injunction was issued, was mechanically the same in construction and results. The only change in the new device was to insert a metal pin through the socket and edge of the core, in such a manner as to prevent movement of the core. If this had resulted in permanent stability of the core, the change would have been effective, since it would have eliminated both of the useful features in the patented device and in the infringing device; but testimony showed that such a rigid construction was not practically effective in actual operation, that the pins wore off and dropped out after only a few hours' use, and that they could be easily removed by drillers before use, thus obtaining all the results of the infringing device by a precisely similar device. This was clearly only a colorable change.

The attempt of the plaintiff in error is to justify its second device by a showing of the state of the prior art. The place which consideration of the prior art can have in this character of proceeding is to limit the scope of the patent in respect to mechanical equivalents. This is true, because this is not an infringement proceeding, but is one to enforce and make effective an existing judgment of infringement, by preventing violation of that order through merely colorable changes from the device already adjudged an infringement.

From what has been said above regarding the character of the change made by plaintiff in error, it is clear that the device now involved was in reality and substance the same as the old one covered by the injunction, for, even if honestly used, it speedily became identically the same by wearing of the pin. In such a situation

equivalents have no place, and the prior art is available for no purpose. While indirectly aimed, the real purpose and only possible effect of considering the prior art suggested would be to annihilate the patent. That matter, as between these parties and as to these devices, has been finally settled in the main suit for infringement.

The judgment should be and is affirmed.