### MINERALS SEPARATION, Limited, v. MIAMI COPPER CO.

(District Court, D. Delaware. July 13, 1920. On Application to File Supplemental Bill, July 29, 1920.)

No. 331.

1. Patents ⟨key⟩326(4)—Contempt proceeding not appropriate to determine new infringement of patent.

  A proceeding for contempt for violation of an injunction restraining infringement of a patent for a process, by the use of new processes adopted by defendant since the decree, *held* not appropriate for determining the question of infringement by the new processes, in view of their nature as disclosed by the petition.

2. Patents ⟨key⟩310(10)—New infringements after interlocutory decree reached only by new bill.

  Where, after an interlocutory decree adjudging infringement of a patent for a process and granting an injunction, defendant adopted new processes, which complainant claims infringe, it cannot obtain relief against them by supplemental bill, but must proceed before the master in the accounting proceedings or by original bill.

In Equity. Suit by the Minerals Separation, Limited, against the Miami Copper Company. On motion of defendant to dismiss petition for contempt, and motion by complainant for leave to file supplemental bill. Petition for contempt dismissed, and leave to file supplemental bill denied.

Order affirmed 269 Fed. 265.

Henry D. Williams, William Houston Kenyon, and Lindley M. Garrison, all of New York City, Joseph C. Fraley, of Philadelphia, Pa., and Thomas F. Bayard, of Wilmington, Del., for plaintiff.

Charles Neave, of New York City, and John F. Neary, of Wilmington, Del., for defendant.

MORRIS, District Judge. This cause was last before this court upon an application by the plaintiff for leave to file a supplemental bill. 264 Fed. 528. The plaintiff now charges by petition that the processes employed by the defendant since it stopped using the three processes heretofore adjudged to be infringements are also infringements, and prays that the defendant be adjudged guilty of contempt and/or that a further injunction be issued, specifically enjoining and restraining the defendant from using such processes.

The defendant by its answer denies that the new methods infringe the patents sued upon, and moves that the rule to show cause be vacat-

ed and the petition dismissed, upon the ground that, due to the character of the new processes, the present procedure is inappropriate for the determination of the questions raised. The plaintiff contends that it appears from the facts alleged that the new methods are the same in principle as those adjudged to infringe, and that the defendant has made only a substitution of equivalents resulting in a mere colorable change in the process, while the defendant contends that those facts disclose that it no longer uses the agitation of the patent. Much testimony touching the processes in question has been introduced by the plaintiff before the master upon the accounting now being had. In fact, it is conceded that little testimony of any other nature has so far been presented.

[1] The present issues do not seem to make necessary a review of the cases upon contempt, or those in which the procedure by supplementary injunction has been recognized. Although embarrassed by the fact that I do not possess the full knowledge of the intricate facts of this case that might have been gained, had the testimony and argument in the main cause been heard by the court as now constituted, I am nevertheless satisfied that the facts set up by the petition are not of the character required to sustain a judgment of contempt. Nor do I find that the practice of enlarging an injunction or granting a supplementary injunction has been adopted in this circuit. But, be that as it may, in view of the nature of the new processes used by the defendant as charged by the petition, the questions raised thereby, and the decision of the Circuit Court of Appeals in this case (244 Fed. 752, 157 C. C. A. 200), I am of the opinion that the plaintiff must obtain the relief to which it is entitled, if any, touching the new processes, either through the proceedings now being had before the master and the decree to be entered thereon, or by a new bill, and not otherwise. Which of these procedures is the proper one under all the circumstances, or whether both must be resorted to, one as to some of the processes, and the other as to the remaining processes, need not now be determined.

An order vacating the rule and dismissing the petition may be submitted.

## On Application to File Supplemental Bill.

This case is again before the court upon an application of the plaintiff for leave to file a supplemental bill, charging the defendant with new acts of infringement since its discontinuance of the three processes heretofore adjudged to be infringements. 244 Fed. 752, 157 C. C. A. 200.

[2] When considering the application heretofore made by the plaintiff that the defendant be adjudged guilty of contempt and/or that a further injunction be issued specifically enjoining and restraining the defendant from using the processes therein set forth, I arrived at and stated the conclusion that—

"In view of the nature of the new processes used by the defendant as charged by the petition, the questions raised thereby, and the decision of the Circuit Court of Appeals in this case (244 Fed. 752, 157 C. C. A. 200), I am of the opinion that the plaintiff must obtain the relief to which it is

entitled, if any, touching the new processes, either through the proceedings now being had before the master and the decree to be entered thereon, or by a new bill, and not otherwise. Which of these procedures is the proper one under all the circumstances, or whether both must be resorted to, one as to some of the processes, and the other as to the remaining processes, need not now be determined."

The words "new bill" were therein used to indicate a new original bill. I have considered the argument made in support of the plaintiff's present application, and find nothing therein justifying a conclusion different from that at which I arrived when considering the petition hereinbefore mentioned.

The present application must therefore be denied.