## ZENOBIA CO., Inc., v. HABIB SHUHDA.

### No. 3326.

District Court, E. D. New York.

April 14, 1930.

See, also, 30 F.(2d) 948.

Dean, Fairbank, Obrieght & Hirsch, of New York City (Morris Hirsch and George A. Ferris, both of New York City, of counsel), for plaintiff.

Charles A. Rathkopf, of New York City (Albert J. Clark, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a motion to confirm the report of the master to whom was referred the issue of fact raised on a motion to punish the defendant for an alleged contempt of this court, in violating the injunction issued under the decree herein, granted on March 4, 1929.

At the time the motion to punish for contempt was made, the court, due to conditions then existing, was so busily engaged that it was impossible to take testimony herein, and a serious question of fact was presented which could not be determined upon affidavits.

In order to prevent delay in the determination of the motion to punish for contempt, the issue of fact was referred to the master to take proof and report with his opinion, but the course pursued by counsel has frustrated the court's efforts to prevent delay.

It was not the intention of the court to grant a retrial of the patent suit, and it seems to me that it is not proper on a motion to punish for contempt for the court or the master to attempt to broaden the decree.

Certainly the reference ordered by this court was not, and was not intended to be, a reference of the issue in a trial of a patent suit, and Los Angeles Brush Corp. v. James, 272 U. S. 701, 47 S. Ct. 286, 71 L. Ed. 481, is not in point.

The inquiry should have been limited to finding whether the defendant, by a merely colorable evasion, had attempted to escape the binding force of the injunction. Charles Green Co. v. Henry P. Adams Co. (C. C. A.) 247 F. 485; Crown Cork & Seal Co. v. American Cork Specialty Co. (C. C. A.) 211 F. 650; Metropolitan Sewing Mach. Corp. v. American P. Binder Co. (D. C.) 272 F. 520; Minerals Separation v. Miami Copper Co. (D. C.) 268 F. 862, affirmed (C. C. A.) 269 F. 265.

The inquiry was not so limited, but was carried to the point of determining that certain articles, not heretofore so found by the court, are equivalents of certain of the elements of the combination of the patent in suit, and that a process which differs in some respects from the process condemned on the trial of this action, is an infringement of the patent in suit.

Whether the difference is or is not a patentable difference should be left to determination on the trial of a new action, and I express no opinion on that subject, but I surely cannot say that the process of the defendant of which complaint is now made, including as it does the use of pressure furnished by the blowgun, is merely a colorable evasion of the injunction.

The plaintiff has not, under the patent in suit, a monopoly of the whiteness of the shells nor their attractiveness when whitened, but is limited to the combinations and process of the patent in suit and their equivalents, and, if there is, as all the evidence reported by the master herein shows, a real issue of fact presented, as to whether the combination and process complained of is a new combination or a new process, and not merely a colorable evasion of the injunction, then the issue must be determined in a new action.

I cannot agree with the finding of the master, that "the demonstrated process of defendant and the product resulting from said process do not differ in substance from the defendant's process and product previously adjudicated to infringe and I find the modification to be merely colorable."

The defendant's exceptions Nos. 1, 2, 3, and 6 to the report of the master are sustained, but there is no necessity of passing on exceptions Nos. 4 and 5, and the motion to punish for contempt is denied, without prejudice to the institution of a new suit by the plaintiff.

The allowance and disbursements of the master must be paid by the plaintiff, and I will hear the attorneys and the master as to the amount to be allowed, on the settlement of the order to be entered on this opinion.