WACHSMAN v. WACHSMAN.
No. E–4890.

District Court, E. D. New York.
Dec. 8, 1930.

Supplemental Opinion, Jan. 15, 1931.

See, also, 42 F.(2d) 869.

John L. Ketcham, of New York City, for plaintiff.

Ivan Konigsberg, of New York City, for defendant.

BYERS, District Judge.

This is a motion to punish the defendant for contempt of an injunction issued out of this court on August 29, 1930 [42 F.(2d) 869], by the terms of which the defendant, his agents and employees, were enjoined, etc., from making, using, or vending or causing, etc., mechanisms made in accordance with or containing or embodying the inventions described in the patent in suit.

Personal service was not effected apparently until October 22, 1930.

A hearing was had by this court on November 12, 1930, and, as a result of the evidence then taken, and upon the defendant's answering affidavit on the motion, it is hereby found that the defendant had actual notice of the terms and scope of the injunction on or before September 17, 1930.

It appears from the evidence that, on or about October 6, 1930, the defendant sold not less than six of the device which had been the subject of the patent suit, tried before Judge Campbell on the merits on June 18, 1930 [42 F.(2d) 869], with the result that he decided that the said device infringed the plaintiff's patent which he held to be valid.

The sale was made by the defendant through his son Michael, who is conceded to have been in business with him; it was known to be in violation of the injunction, as is shown by the assurance to the purchaser, that a new and improved version of the device would be substituted for those which were so sold; later this was done.

As to that feature of the case, the defendant's contempt is clearly shown.

Continuing contempt is alleged by the plaintiff, in that a new device, now made and sold by the defendant, is but a subterfuge and in no essential respect a departure from that held to constitute an infringement of

plaintiff's patent at the trial. This court inclines to that view, after carefully examining the exhibits offered at the hearing, but will not now so decide, pending the receipt of defendant's brief on that subject. Probably what was said by the court, at the conclusion of the hearing, is responsible for the failure of the defendant's brief to discuss that branch of the subject.

Opportunity to present such supplemental brief will be given, on or before December 15, 1930, after which time the extent of the fine to be imposed will be determined. Such supplemental brief must be served on plaintiff's counsel by December 12, 1930.

Settle order on two days' notice.

### Supplemental Opinion.

There was no order entered pursuant to the foregoing, but briefs were duly filed, and have been considered, with the following result:

If the plaintiff's patent, as adjudicated by Judge Campbell, is understood, the hooked member, having its nose or end normally extending through the slot constituting the lever which carries the thread, is an essential element in the patent structure. Claim 1 recites the lever, and other elements, a leaf spring in circuit with the source of electrical energy and magnet "and co-operating with the pivoted lever so that the latter may make and break the circuit *depending on the position of the hooked member with reference to the slot in said lever* [italics supplied], whereby, when the lever is in engagement with the spring, the electromagnet is energized," etc.

The defendant's device, as in issue before Judge Campbell, contained a movable wire secured to the support element, which he decided to be the equivalent of the plaintiff's hooked member; both of these served the purpose of preventing the thread from slipping off the porcelain arm (the pivoted lever) for any cause save a sufficient depression thereof to stop the machine.

In defendant's new device, there is a pivoted wire, the office of which with reference to the thread is not disclosed; no reference thereto being made in any affidavit submitted in connection with the contempt motion.

In defendant's brief, it is asserted that the wire in the new device rests between the hooks of the lever, under the thread, and, when the machine is stopped, the wire swings up and away from the hooks, thus adopting the invention disclosed in the Martin and Palmer patent, No. 706,840 (1902), held by Judge Campbell to be materially different as to structure combination and arrangement.

In the latter, the thread or yarn supports a rod, which falls when the support is withdrawn by reason of the slipping off of the yarn from its carrying pins, resulting from tension thereon due to a pull on the yarn caused by "difficulty of the yarn leaving the bobbin." The falling of the rod sets in motion the process which stops the machine.

Clearly the support given to the wire in each device is withdrawn when the thread or yarn comes to an end, with the result that the wire at once assumes a new position, establishing the electrical contact, which stops the machine. In other words, the wire or rod is an "end detector."

If this is so, it is an unpatentable device, as stated in Judge Campbell's opinion. If the "end detector" in defendant's new device does not contribute to the result accomplished by the plaintiff's machine, that is, if it does not perform the same function as the plaintiff's hooked member having its nose or end normally extending through the slot, it is not the equivalent thereof, and would not violate the injunction heretofore granted to the plaintiff.

This result cannot be announced with any degree of certainty, and it is not the present purpose so to declare, but sufficient has been stated to indicate that there may be an honest doubt upon the subject which would preclude a disposition of the infringement issue as part of a motion to punish for contempt.

There is no such element of doubt with regard to the defendant's change in the spring device, but the motion cannot be decided upon that issue alone.

So much of the contempt issue as rests upon the sale by the defendant of the infringing device on October 6, 1930, is resolved against the defendant, as heretofore stated, and he is fined $250.

Settle order on two days' notice.