## OTIS ELEVATOR CO. v. 570 BUILDING CORPORATION et al. (STALEY ELEVATOR CO., Inc., Intervener).

### No. 7995.

District Court, E. D. New York.

Feb. 21, 1939.

Watson, Bristol, Johnson & Leavenworth, of New York City (C. V. Johnson and L. A. Watson, both of New York City, of counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (Willis H. Taylor, Jr., and Morris D. Jackson, both of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This is a motion to punish the defendant Staley Elevator Company, Inc., for contempt of Court "for making, using, selling, installing and servicing one or more elevators, or contributing thereto, in violation of the injunction granted herein by the Interlocutory Decree of this Court entered the 3rd day of December, 1937, since the date of said Decree, and without reporting the same as required by the Order and Supersedeas entered herein the 16th day of December, 1937, and since the termination of said supersedeas and the issuance of said injunction on the 30th day of November, 1938, and why the plaintiff should not have judgment against said defendant for its actual and punitive damages by reason of such contempt." Voluminous affidavits and memoranda have been submitted upon this motion.

The law is clear that, if there is a triable issue of infringement, the parties should be relegated to an action and the question of infringement should not be tried on a motion to punish for contempt. However, where the change or alteration in the device is merely colorable, the question of infringement should be determined in a contempt proceeding. See Radio Corporation of America et al. v. Cable Radio Tube Corporation, 2 Cir., 66 F.2d 778, at page 782, in which the Court decided:

"Before discussing the question whether the license continued in force or was terminated by the notice sent by the Radio Corporation on March 11, 1932, it is necessary to determine whether that question can properly be tried out in proceedings for contempt for violation of the injunc-

tion. In the ordinary case where the question of termination of a license arises, there is no pre-existing order of injunction, and the question is tried on an original bill for an injunction against infringement. But where, as in the present case, an injunction is already in force, the defendant is in the predicament of being liable in contempt if he cannot show that a license is in force rather than merely subject to being enjoined against infringement in futuro. Where there is a substantial dispute concerning the subsistence or termination of the license, it would not seem to be reasonable that the defendant should be put at the peril of correctly gauging his right under the license or being liable in contempt. The situation is analogous to that which exists where, after an injunction against infringement has been granted, the defendant manufactures or sells a device differing to some extent from the one which was adjudged to infringe in the injunction suit. Where the alteration in the device is 'merely colorable' and obviously was made for the purpose of evading the decree without essential change in the nature of the device, the courts will try the question of infringement by the new device in proceedings for contempt for violation of the injunction. Frank F. Smith Metal Window Hardware Co. v. Yates (C.C.A. [2 Cir.]) 244 F. 793; Gordon v. Turco-Halvah Co. (C.C.A. [2 Cir.]) 247 F. 487; Cary Mfg. Co. v. Acme Flexible Clasp Co. (C.C.A. [2 Cir.]) 108 F. 873; Schey v. Giovanna (C.C.A. [2 Cir.]) 273 F. 515; Eureka Tool Co. v. Wire Rope Appliance Co. (C.C.A. [8 Cir.]) 265 F. 673; Blair v. Jeannette-McKee Glass Works (C.C.) 161 F. 355; Burr v. Kimbark (C.C.) 29 F. 428; Queen & Co. v. Green (C.C.) 170 F. 611. But where infringement by the new device is not clear on the face of the matter, and there are substantial issues for the determination of the court, the plaintiff may not have them determined in contempt proceedings, but must bring a supplemental bill for an injunction covering the new device, or institute a wholly new suit for such an injunction. Crown Cork & Seal Co. v. American Cork Specialty Co. (C.C.A. [2 Cir.]) 211 F. 650; Charles Green Co. v. Henry P. Adams Co. (C.C.A. [2 Cir.]) 247 F. 485; Rajah Auto Supply Co. v. Grossman (C.C.A. [2 Cir.]) 207 F. 84; Enterprise Mfg. Co. of Pennsylvania v. Sargent (C.C.) 48 F. 453; Allis v. Stowell (C.C.) 15 F. 242; Bonsack Mach. Co. v. National Cigarette Co. (C.C.) 64 F. 858; General Mfg. Corp. v. Gray (D.C.) 48 F. 2d 602; Wachsman v. Wachsman (D.C.) 46 F.2d 482; see California Paving Co. v. Molitor, 113 U.S. 609, at page 618, 5 S.Ct. 618, 28 L.Ed. 1106; 3 Robinson on Patents, Sections 1217, 1218."

The same procedure will be adopted here as in the case of Zenobia Co., Inc., v. Habib Shuhda, D.C., 42 F.2d 569, 570, where the question of contempt was referred to a Special Master. The inquiry should be limited, as was stated by Judge Campbell in Zenobia Co., Inc., v. Habib Shuhda, supra, "to finding whether the defendant, by a merely colorable evasion," has "attempted to escape the binding force of the injunction." This motion will, therefore, be referred to the Special Master in charge of the accounting proceeding who will proceed with all convenient speed and report thereon with his opinion.

Settle order on notice.