**STALEY ELEVATOR CO., Inc., v. OTIS ELEVATOR CO.**

Civil No. 769.

District Court, D. New Jersey.

Oct. 31, 1940.

Pennie, Davis, Marvin & Edmonds (by George E. Middleton), of New York City, for plaintiff.

Wall, Haight, Carey & Hartpence (by Thomas G. Haight), of Jersey City, N. J., for defendant.

WALKER, District Judge.

Staley Elevator Company, Inc. (hereinafter referred to as "Staley"), filed its complaint herein against Otis Elevator Company (hereinafter referred to as "Otis"), and invokes the jurisdiction of this court under and by virtue of the Declaratory Judgment Act (Section 274d of the Judicial Code, 28 U.S.C.A. § 400), the Patent Laws of the United States and the diversity of citizenship of the parties.

Staley, it appears, manufactured, serviced and repaired a type of automatic push button elevator employing "selective, collective" control and is now manufacturing, servicing and repairing a type of automatic push button elevator which it identifies as "single interceptive".

Otis is the assignee and present owner of United States Letters Patent No. 1,694,823 (D. C. Larson for "Collective" system of automatic electric elevator control); No. 1,904,647 (D. L. Lindquist, et al. for "Selective, collective" system of automatic electric elevator control) and Re-Issue Patent No. 16,297 (Parker for control of electric elevators).

Staley, in its complaint, alleges that Otis charges it with infringing the patent rights it acquired by reason of the aforesaid, that it and those who use its elevators are threatened with suit because of said alleged infringement, when, in fact, the "single interceptive" system used by it does not infringe Letters Patent No. 1,694,823, No. 1,904,647 and Re-Issue No. 16,297; that said letters and re-issue letters patent do not amount to invention and are invalid and void because the claims in each of them do not particularly point out or distinctly claim the alleged improvement or combination sought thereby to be covered, as prescribed by Section 4888 of the Revised Statutes (35 U.S.C. Section 33, 35 U.S.C.A. § 33), further, Letters Patent No. 1,904,647 are invalid and void by reason of unreasonable neglect and delay in entering a disclaimer with respect to claims, 6, 9,

14 and 76 thereof and the failure of Otis to file suit on Letters Patent No. 1,694,823 prevents it from asserting same against Staley's "single interceptive" automatic electric elevator control system.

Therefore, its rights and the questions aforesaid should be determined by a declaratory judgment and protected by a permanent injunction.

This is not the first time certain of the aforesaid matters have been litigated, in fact, the litigation between the parties has been extensive and the review hereinafter set forth, is necessary, in order to rule upon the motion of Otis to dismiss said complaint. The grounds of said motion are: No actual controversy; Larson, Lindquist, et al. and Parker Re-Issue Patents have been passed upon by a court of competent jurisdiction; the "single interceptive" system is only a colorable evasion of the injunction obtained by Otis against Staley et al., and all matters in the complaint are now before a court of competent jurisdiction for adjudication.

The record of previous litigation is:

(a) On or about June 19, 1936, Otis instituted an action in the United States District Court for the Southern District of New York and therein it charged Staley with infringing Letters Patent No. 1,694,-823 and No. 1,904,647.

(b) On or about July 3, 1936, Otis instituted an action in the United States District Court for the Eastern District of New York on the aforesaid patents against certain customers of Staley and when Staley intervened therein, the complaint in the United States District Court for the Southern District of New York was dismissed without prejudice.

(c) The defense of Staley in the action in the Eastern District was lack of invention and non-infringement. The District Court (35 U.S.Pat.Q. 420) and thereafter the Circuit Court of Appeals for the Second Circuit (Otis Elevator Co. v. 570 Bldg. Corp., 98 F.2d 699, certiorari denied, 305 U.S. 640, 59 S.Ct. 107, 83 L.Ed. 412 and rehearing refused 305 U.S. 673, 59 S.Ct. 228, 83 L.Ed. 436), held Letters Patent No. 1,694,823 and No. 1,904,647 valid 'and infringed.

(d) An injunction issued restraining Staley from directly or indirectly practicing the inventions described in the Larson and Lindquist et als., patents and claimed in certain specific claims thereof and an accounting was ordered and hearings thereon commenced.

(e) Prior to the issuance of said injunction, Staley allegedly changed over all of its previously installed elevators which it was servicing, to what it identifies as "single interceptive" type of control, and began selling new elevators of said type. Otis believing that said system infringes claims 6, 9, 14 and 76 of the Lindquist et al. Patent, obtained an order to show cause, D.C., 26 F.Supp. 900, why Staley should not be held in contempt for violating the injunction. The matter was referred to a special master, who was required to determine whether or not Staley was guilty of a mere colorable evasion of the injunction and therefore guilty of contempt or did the "single interceptive" automatic electric elevator control present a triable issue on the question of alleged infringement. Hartford-Empire Company v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414.

(f) The master filed his report and both Staley and Otis entered objections thereto. The court, on July 3, 1940, filed its memorandum with respect to said report and objections, and therein said:

"The Master in a very lengthy and well-prepared report, consisting of 35 pages, has recommended that the defendant (Staley) be punished for contempt as to claims 9 and 14 and not as to claims 6 and 76.

"An examination of the Master's report indicates that he made a very thorough and comprehensive study of the testimony and exhibits and that he knew the rulings made by the courts in passing upon questions involving 'colorable evasion.'

\* \* \*

"If the only issue before the Special Master was infringement, I should, unhesitatingly, hold that his decision, which is scholarly and well-prepared, was correct insofar as it goes, that claims 9 and 14 of the Lindquist Patent are infringed. I should also hold that claims 6 and 76 are likewise infringed.

"A motion for contempt cannot be substituted for an action for infringement of a patent. If a record indicates that there is a triable issue, the parties should be relegated to an action. Contempt proceedings are a drastic remedy which cannot be used as a substitute for a trial.

"It is unfortunate that such issue of infringement cannot be disposed of here and now, as the trial will be based upon the

same evidence as is before this court on this motion to punish for contempt.

"Motion to punish for contempt denied."

(g) Otis subsequently applied to the United States District Court for the Eastern District of New York for an order granting it leave to file a supplemental complaint in the action wherein the aforesaid injunction was entered and in said supplemental complaint it charges Staley with infringing claims 6, 9, 14 and 76 of the Lindquist et al. Patent.

The Court granted the application, 35 F.Supp. 348, holding:

"The accounting proceeding is still pending before the Special Master. No final decree has yet been entered. The fact that the action was tried does not prevent the granting of the motion under Rule 15 (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (which is an adaptation of Equity Rule 34), as the action is still pending. See Radio Corporation v. Cable Radio Tube Corporation, 2 Cir., 66 F.2d 778.

"The defendant Staley Elevator Company's rights are in no way prejudiced. It can make no difference to it whether the case is tried upon a supplemental complaint in this action or upon the original complaint in a new action, as it will receive its day in Court in either event. Plaintiff might be prejudiced if it were compelled to bring a new action if it be found, as claimed by the defendant Staley Elevator Company, Inc., that the Court would not have jurisdiction of it in a new action. The granting of this motion is in the interest of expedition, economy, and a speedy disposition of the controversy."

The action of the United States District Court for the Eastern District of New York in permitting Otis to file a supplemental bill in the matter brings before said Court the question of whether or not Staley's "single interceptive" electric elevator control infringes patent rights of Otis.

The Eastern District and the Circuit Court of Appeals for the Second Circuit have given considerable time and attention to the problems involving Larson and Lindquist et al. Letters Patent and Parker Re-Issue Letters Patent, and to paraphrase what Judge Moskowitz so aptly said, a determination on the supplemental bill of complaint by the United States District Court for the Eastern District of New York is in the interest of expedition, economy and a speedy disposition of the controversy.

It was never intended that the relief to be obtained under the Declaratory Judgment Act be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

Judge Clark, speaking for the Circuit Court of Appeals for the Third Circuit in United States Fidelity & Guaranty Co. v. Koch et al., 102 F.2d 288, 294, discusses the court's discretion in denying declaratory relief and says: "An obvious and principal reason for the exercise of such discretion is found in the existence of a suit whose determination in another court will ultimately decide the liability of the party petitioning for a declaration. If the petition for a declaration is filed after the commencement of such suit, it should be dismissed, 16 American Jurisprudence, sec. 14."

The pertinent matters herein presented are by reason of the aforesaid supplemental bill before the United States District Court for the Eastern District of New York, and said court will ultimately decide the liability, if any, of Staley; therefore, the motion to dismiss the complaint is granted.