(C. D. 1812)

MOISE PRODUCTS CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Dated October 15, 1956)

*Michael Stramiello, Jr.*, for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before EKWALL, JOHNSON, and DONLON, Judges; JOHNSON, J., concurring

DONLON, Judge: The issue in this case is whether the merchandise, imported from Yugoslavia and described in the entry as 200 barrels of Dalmatian sour cherries, was properly classified as sour cherries in their natural state, packed in airtight or watertight containers. The collector ruled that the containers were airtight and watertight. Accordingly, he levied duty at 2 cents per pound under paragraph 737 (1) of the Tariff Act of 1930, without giving effect to the rate reduction provided in the General Agreement on Tariffs and Trade (T. D. 51802), which modified paragraph 737 (1), reducing to ½ cent per pound the rate on cherries "In their natural state, not in airtight or watertight containers."

Plaintiff, claiming that the containers were neither airtight nor watertight, has the usual burden of overcoming, by appropriate proofs, the presumption of correctness that attaches to the collector's ruling.

It is precisely this question of what are proofs appropriate to this litigation which is raised by plaintiff's motion for a declaratory judgment, now before us. While the declaration which plaintiff requests is not precisely worded, the substance of what plaintiff seeks to have declared by the court is, nevertheless, abundantly clear. In view of an alleged conflict in prior decisions and the difficulties of obtaining proofs in Yugoslavia, plaintiff wishes to know whether classification turns on the kind of containers in which the cherries left Yugoslavia or the kind of containers in which they were landed in New York. The requested declaration may, it seems to us, be stated as follows:

That, in the instant litigation, the classification of Dalmatian sour cherries, the merchandise at bar, is to be determined on the basis of evidence as to whether or not the containers in which the cherries were imported were, *at the time of importation*, airtight or watertight.

Authority to render declaratory judgments within the statutory provision has been conferred on this court by the Congress. Section 2201 of the Judicial Code (28 U. S. C. A. § 2201) grants this power to "any court of the United States." In the definition of "court of the United States" in the Judicial Code, this court is specifically included by name (28 U. S. C. A. § 451).

A motion, such as plaintiff's, is not the proper method for instituting an action for declaratory judgment under section 2201. The procedure, as the Federal Rules of Civil Procedure provide, is by "an action for a declaratory judgment * * *." (Fed. Rules Civ. Proc., rule 57, 28 U. S. C. A.)

Nor is declaratory judgment a proper remedy in this case at this time.

An action for declaratory judgment is intended to provide means by which rights and obligations may be adjudicated in cases involving actual controversy that has not yet reached the stage at which either party is entitled to seek a coercive remedy, or in which the party, entitled to that remedy, has failed to invoke it. *Peoples Bank* v. *Eccles*, D. C. D. C. 1946, 64 F. Supp. 811.

Declaratory judgment was not intended for trial of issues in a case already pending, especially where those issues could be tried with equal facility in the case. *Staley Elevator Co., Inc.* v. *Otis Elevator Co.*, D. C. N. J. 1940, 35 F. Supp. 778.

What plaintiff seeks is an interlocutory ruling on the law, in order to clarify confusion that may be thought to have resulted from the allegedly conflicting prior decisions of this court. An interlocutory ruling the court may hand down *sua sponte*, if it deems such ruling desirable, as, for example, in order to expedite conduct of a trial,

eliminate introduction of unnecessary proofs, or define the litigated issues.

Confusion as to evidence which is appropriate to the burden of proof plaintiff has to meet in this case is said to stem from the following language, used by this court in *J. A. Kirsch, Ltd.* v. *United States*, 12 Cust. Ct. 91, C. D. 834 (1944), a case which likewise had to do with whether or not Dalmatian cherries in their natural state, imported in kegs, were or were not packed in airtight or watertight containers. At page 100, the opinion states:

It would seem from an examination of the trade agreement with Canada (T. D. 49752) that the negotiators had the method of packing in mind when the phrase "not in airtight or watertight containers" was used in paragraph 737. From all that appears in the record the cherries in the instant cases were packed in airtight or watertight containers. The fact that some of the kegs might have sprung a leak during the voyage of importation or after importation, would therefore not be determinative of the issue. If the court should hold that cherries in kegs which arrived in this country in a sound condition were dutiable at 2 cents a pound and the same kind of cherries in the same kind of kegs which arrived in a leaking or broken condition was dutiable at 1 cent per pound, such holding would not be consistent with well-established rules of tariff construction.

The finding thus stated, in *J. A. Kirsch, Ltd.* v. *United States*, 12 Cust. Ct. 91, C. D. 834 (1944), was that, on the evidence of record, the cherries were packed in watertight containers. In the earlier *Kirsch* case, *J. A. Kirsch, Ltd.* v. *United States*, 8 Cust. Ct. 254, C. D. 616 (1942), the finding as to containers was diametrically opposite. We see no inconsistency here. As the court stated succinctly in the second *Kirsch* case:

The evidence adduced in the instant cases results in a different conclusion from that determined in *J. A. Kirsch, Ltd.* v. *United States, supra.* [C. D. 616.]

That is to say, what is well known to be true, that, in tariff litigation, each case is decided on the record developed in that case.

In the belief that evidence as to the containers in which the instant cherries were packed in Yugoslavia for shipment to New York was essential to its case, plaintiff applied for and was issued a commission of this court to take testimony in Yugoslavia, in response to written interrogatories and cross-interrogatories. After considerable lapse of time, this court was notified that Yugoslavian law does not permit the taking of testimony before a consular officer of the United States in Yugoslavia, other than the testimony of American citizens. The testimony sought was that of a Yugoslavian national.

The only way in which testimony of this witness in Yugoslavia can be adduced, therefore, is before a court of appropriate jurisdiction in Yugoslavia. What court that is, and what weight this court could or would give to such testimony, are matters of speculation.

We are of opinion that the rule of law is the same in the two *Kirsch* cases, *supra.* The best evidence as to packing, for customs classifica-

tion, is evidence of landed condition. Both of the *Kirsch* cases were decided on such evidence. The second *Kirsch* case held that isolated instances of leakage or injury to a few otherwise watertight containers will not overcome the evidence adduced as to the containers generally.

The motion for declaratory judgment is denied, on the grounds stated.

### CONCURRING OPINION

JOHNSON, Judge, concurring: I concur in the denial of the motion for a declaratory judgment made during the course of the trial.

The majority opinion states: "Authority to render declaratory judgments within the statutory provision has been conferred on this court by the Congress." However, the statute (28 U. S. C. § 2201) provides:

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. [Emphasis supplied.]

In view of the fact that the cases before this court involve Federal taxes, it is doubtful that we have authority to render declaratory judgments. Our court of appeals has stated in *Eurasia Import Co., Inc.* v. *United States*, 31 C. C. P. A. (Customs) 202, 211, C. A. D. 273:

Our jurisdiction like that of the Customs Court is fixed by statute and is as limited as is that of the Customs Court. Neither court is clothed with equity jurisdiction in the technical sense of the term "equity," nor is either clothed with authority to render a formal declaratory judgment which is binding upon either customs officials or importers, although, of course, they may and occasionally do indulge in *obiter*.

In any event, the question has not been properly raised by the motion before us.