No. 60763.—Moise Products Co. v. United States, protest 201064–K (New York).

DONLON, Judge: This case was before us previously on plaintiff's motion for declaratory judgment, as to what proofs it was necessary for plaintiff to adduce in order to overcome the presumption of correctness that attaches to the collector's liquidation. The motion was denied, and the case returned to calendar in order that trial might be concluded and the case submitted. *Moise Products Co.* v. *United States,* 37 Cust. Ct. 135, C. D. 1812.

Neither plaintiff nor defendant has offered any additional evidence. However, plaintiff renewed, at that time, an earlier motion, previously denied, to strike from the record everything prior to the time when plaintiff was represented by present counsel. Defendant again assented to this motion, as it had previously done, and the court reserved decision. Both parties then submitted.

The issue in this case was adequately stated in our prior decision, *supra.* It is whether the merchandise, imported from Yugoslavia and described in the entry as 200 barrels of Dalmatian sour cherries, was properly classified as sour cherries in their natural state, packed in airtight or watertight containers. The collector ruled that the containers were airtight and watertight. Accordingly, he levied duty at 2 cents per pound under paragraph 737 (1) of the Tariff Act of 1930, without giving effect to the rate reduction provided in the General Agreement on Tariffs and Trade (T. D. 51802), which modified paragraph 737 (1) by reducing to ½ cent per pound the rate on cherries in "their natural state, not in air-tight or water-tight containers."

Plaintiff claims that the containers were neither watertight nor airtight. On trial, plaintiff conceded that it "does not have any of the kegs, and no one in the plaintiff company has seen any of the barrels in question." (R. 144.)

We take up first the decision on plaintiff's motion to strike from the record everything that was entered in the record during the period when plaintiff was undertaking to present its own case, without benefit of counsel. Plaintiff originally had counsel, not the same counsel now retained. That other counsel withdrew in open court when the case was called for trial. The court permitted his withdrawal (R. 2).

Plaintiff, through Leon Moise, owner, thereupon proceeded to present its case. Concededly, he did so as a layman and without professional expertness in the rules of evidence. Concededly, also, the court was both patient and tolerant in its effort to permit plaintiff to divest himself of retained counsel and proceed on his own, as he wanted to do, in a difficult litigation. Now he has again retained counsel, who seems to regard this layman's record as prejudicial to our decision in the case and asks that it be expunged.

The record should stand, as developed, for whatever it may be worth. This court knows how to evaluate evidence. Plaintiff, at one time, desired to try its own case, and did so. What then became of record may or may not be relevant, but the court will weigh it. The motion to strike out is denied.

Counsel for plaintiff has ably presented such evidence as he could. There was little or no evidence he could present, as to the barrels or kegs in which these cherries were imported. The evidence he offered did show; as to some of the barrels, "poor cooperage" and "some chimes and belly hoops missing." This was shown by notations on the warehouse receipt (plaintiff's exhibit 1).

As above stated, neither plaintiff nor anyone in its employ was able to testify as to the condition of the barrels in which this merchandise was imported. The condition of certain other barrels, in which other cherries were later imported, is not decisive of the condition of these barrels.

There remains to consider whether the tariff term "airtight or watertight containers" excludes, as a matter of law, containers that are wooden kegs or barrels. That is a position which plaintiff seems to argue. However, there is no evidence to support this contention. To the contrary, there is at least some evidence that wooden kegs or barrels, if properly constructed, could be either airtight, or watertight, or both (R. 127).

On defendant's motion, and over the objection of plaintiff, the court incorporated into this record the record in *J. A. Kirsch, Ltd.* v. *United States*, 12 Cust. Ct. 91, C. D. 834 (R. 135). That case included the incorporated record of a still earlier case. *J. A. Kirsch, Ltd.* v. *United States*, 8 Cust. Ct. 254, C. D. 616. Both of the *Kirsch* cases are, therefore, before us here. Both have to do with merchandise similar to this. In each, the issue was, as here, whether the kegs or barrels, in which the cherries were imported, were airtight or watertight.

In the second *Kirsch* case there was expert testimony of barrel manufacturers and coopers to the effect that wooden barrels or kegs can be so manufactured as to be airtight and watertight. The fact that proofs show some few containers to have been leaking on arrival, whether due to accident in transit or otherwise, does not prove that the containers used were not either airtight or watertight.

Plaintiff has not overcome the presumption of correctness that attaches to the collector's liquidation. The protest is overruled. Judgment will be entered accordingly.