Alfred **WINDMÖLLER** et al., Plaintiffs,

v.

Leon **LAGUERRE** et al., Defendants.

Civ. A. No. 544–66.

United States District Court
District of Columbia.

May 8, 1968.

Martin Fleit, Harvey B. Jacobson, Jr., Stevens, Davis, Miller & Mosher, Washington, D. C., for plaintiffs.

George VandeSande, Moore & Hall, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GESELL, District Judge.

This is a declaratory judgment action. There are two plaintiffs and two defendants. The plaintiffs are a German manufacturer of bag machinery and a United States machinery distributor. The defendants are Laguerre, a national of France and the inventor and owner of two United States patents covering a type of plastic bag and handle combination, and C-Thru Products, Inc., the exclusive licensee of Laguerre to make, use and sell the patented inventions in the United States.

Plaintiffs seek a declaration that the two Laguerre patents are invalid. They openly admit to having induced infringement of these patents by the sale and promotion of bag-making machinery. Defendants have filed two counterclaims. By way of answer to the amended complaint they assert plaintiffs' infringement of the patents and seek a declaration of validity and an injunction. In the other counterclaim, which the Court has ruled should be tried separately, allegations of misuse and antitrust violation are made relating to other patents in the same field.

Evidence has been taken on the amended complaint and both parties have rested. At the outset of the case, again

when plaintiffs rested, and again at the conclusion of all the proofs, defendants moved orally for dismissal on the ground that no case or controversy was established permitting the plaintiffs to invoke the declaratory judgment statute and on the further ground that even if a controversy of some nature exists the pendency of another suit involving the same patents in the United States District Court for the Eastern District of New York, to which reference will later be made in more detail, should prompt the Court to refuse jurisdiction on equitable and discretionary grounds.

Before taking up the more complicated questions of infringement and validity the Court deemed it appropriate to ask for briefs and hear oral argument on the jurisdictional question and this Memorandum Opinion will be concerned solely with this phase of the litigation. For reasons set forth below, the Court has determined that the motion to dismiss for lack of jurisdiction should be denied and that it is appropriate to adjudicate the controversy in its entirety.

At the outset it should be noted that the declaratory judgment statute did not enlarge the jurisdiction of the United States District Courts. It gave no new right but merely introduced additional remedies. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 607 (1937). In considering the motion the Court also has had in mind that the declaratory judgment remedy is partially equitable in nature and that elements of discretion are involved. It is well established that the Court is not obliged to resolve every potential controversy where the remedy of declaratory judgment is invoked. United States Fidelity & Guaranty Co. v. Koch, 102 F.2d 288, 294 (3rd Cir. 1939); Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937); Staley Elevator Co. v. Otis Elevator Co., 35 F.Supp. 778 (D.N.J.1940).

A controversy is clearly delineated by the pleadings. Plaintiffs assert with questionable factual foundation that they are manufacturing and selling the patented article, and defendants, reacting to this lure, assert infringement. During pretrial proceedings, plaintiffs asked defendants to admit, among other things, that defendants had threatened the trade with the initiation of a patent infringement lawsuit "against any company which manufactures or sells plastic handle bags" of the type made and sold by plaintiffs' customer, Uniflex, Inc., and that plaintiffs have actively induced infringement of both Laguerre patents. (Plaintiffs Exhibit 15). Defendants concede these facts by refusing to answer or to deny when requested to admit. Rule 36 of the Federal Rules of Civil Procedure. Moreover, defendants did not oppose C-Thru Products, Inc.'s intervention as party defendant into the proceeding. Thus, on the pleadings it appears almost as though all parties have reached out to be involved in this single proceeding, filing charges and countercharges as to invalidity or infringement of a series of patents owned by one or the other of the parties. The stage is set for a full resolution of the varied aspects of business controversy affecting the activities of the companies in the United States.

In the earlier stages of the interpretation of the Declaratory Judgment Act a very narrow view was taken in patent cases of the factual situation required to create an actual case or controversy. The trend in more modern times, however, has been to recognize the appropriateness of the declaratory judgment action in patent matters as a means of avoiding multiplicity of actions and the endless delays and uncertainties which various suits in different jurisdictions testing different aspects of a broad patent controversy can entail. Crowell v. Baker Oil Tools, 143 F.2d 1003 (9th Cir. 1944); Dewey & Almy Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3rd Cir. 1943); E. J. Brooks Co. v. Stoffel Seals Corp., 160 F.Supp. 581 (S.D.N.Y.1958); Squeez-A-Purse Corp. v. Stiller, 149 F.Supp. 60 (N.D.Ohio 1957); White v. E. L. Bruce

Co., 62 F.Supp. 577 (D.Del.1945); Water Hammer Arrester Corp. v. Tower, 66 F.Supp. 732 (E.D.Wis.1944); Girdler Corp. v. E. I. du Pont de Nemours & Co., 56 F.Supp. 871 (D.Del.1944). The crowded dockets of our District Courts cannot tolerate this type of excessive and unproductive "guerilla warfare" litigation and the public's interest in certainty and prompt decision, particularly where potential competition may well be suppressed unnecessarily through the use of questionable patents, cannot be ignored.

One of defendants' principal arguments against jurisdiction in this instance is the contention, based on a careful review of the proofs, that no direct infringement of Laguerre patent No. 1 has been shown because the plastic handle used did not have studs in recesses in the zones specified by the claims of that patent. The argument then proceeded to urge that Laguerre patent No. 2 is also not directly in issue since the machines can make various types of bags in addition to the type of bag covered by the claims of Laguerre No. 2, and being capable of substantial non-infringing uses, no claim of infringement having been made other than in the pleadings by the defendants, the issue as to Laguerre patent No. 2 is at best vague and somewhat remote. A preliminary consideration of the proofs indicates there may be some factual and legal support for this contention. United States Industries, Inc. v. Otis Engineering Corporation, 277 F.2d 282 (5th Cir. 1960); Chicopee Mfg. Corp. v. Columbus Fiber Mills Co., 165 F.Supp. 307 (D.Ga.1958); Goldsmith Metal Lath Co. v. Milcor Steel Co., 53 F.Supp. 778 (D.Del.1943).

It does not, however, resolve the question of jurisdiction. Where a declaratory judgment action asserts invalidity of patents, the Supreme Court of the United States has admonished that the issue of validity should be considered and not avoided by dispositions based on non-infringement grounds. The basis for this view is that one of the functions of a declaratory judgment action is to discourage multiplicity of actions and it is obvious that the disposition of patent litigation on non-infringement grounds leaves issues of validity open for further controversy in other lawsuits. The purport of the decisions is clear and this Court will be guided by them. Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644 (1945); see also, Cover v. Schwartz, 133 F.2d 541, 545 (2d Cir. 1942), cert. denied, 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703 (1942).

Plaintiffs need not be manufacturers of the patent device to be in a controversy with the defendants. As the manufacturer or distributor of a type of machinery fashioned to make the patent device they are vitally interested in the freedom of their customers to proceed, they have encouraged their customers to infringe, and they obviously cannot develop their business successfully if their customers hold back orders in fear of suit from the defendants. In an economic sense the plaintiffs are deeply involved and should be allowed to test the legality of their position without their existing or potential customers being in constant hazard that claims will be pressed against them, particularly where the manufacturers themselves may ultimately confront liabilities asserted on grounds of their contributory infringement. Walker Process Equipment, Inc. v. FMC Corporation, 356 F.2d 449 (7th Cir. 1966); Fromberg, Inc. v. Thornhill, 315 F.2d 407 (5th Cir. 1963); Shumaker v. Gem Manufacturing Co., 311 F.2d 273 (7th Cir. 1962); Federal Telephone & Radio Corp. v. Associated Tel. & Tel. Co., 169 F.2d 1012 (3rd Cir. 1948); General Tire & Rubber Company v. Isocyanate Products, Inc., 270 F.Supp. 868 (D.Del.1967).

This broader view of the purposes and functions of the Declaratory Judgment Act appears particularly appropriate under the circumstances of this case where the evidence shows that the defendant Laguerre is a principal officer in a French corporation which

makes machinery for the manufacture of the patent devices. By asserting patents against plaintiffs' customers or potential customers, Laguerre undoubtedly is hoping to enhance the sales of his own machinery. Thus the controversy is real and substantial on the pleadings and is real and substantial in economic terms. The interests of the parties are adverse and there are legal rights which should be resolved. The pleading appears appropriate for judicial determination. It would be neither equitable nor wise to draw too narrow a view of the meaning and purpose of the Declaratory Judgment Act where there are clearly legal rights to be resolved and no other forum where the varied issues here tendered have all been brought into focus in a single lawsuit.

One factor which has lead the Court to hesitate accepting jurisdiction is the existence of the litigation previously mentioned in the United States District Court for the Eastern District of New York. It appears that Laguerre and his exclusive distributor, C-Thru Products, Inc., filed suit in that District Court in November 1964 against Uniflex, Inc., the first and principal machine customer of the plaintiff Heinrich Equipment Corp., a distributor of the German machines. A supplemental complaint was filed January 1966 and the District Court on December 13, 1966 held both Laguerre patents involved in the present case invalid, granting a partial motion for summary judgment. C-Thru Products, Inc., et al. v. Uniflex, Inc., 262 F. Supp. 213 (E.D.N.Y.1966). The defendant has taken an appeal to the United States Court of Appeals for the Second Circuit, the matter has already been partially briefed and argument in that Court is momentarily anticipated.

The *Uniflex* litigation precedes the present case. The Complaint here was filed in March 1966 and the Amended Complaint in June 1966. Thus it is apparent that in an earlier suit the validity of the two patents questioned by the Amended Complaint in this suit is being litigated and the litigation is well

advanced. While the two defendants in the present action are parties plaintiff in the prior action, it should be noted that neither of the plaintiffs in the present action are parties to the litigation in the District Court for the Eastern District of New York.

At the argument on the motion to dismiss for lack of jurisdiction, defendants' counsel stated in response to the Court's inquiry that he had no authority and refused to state that the defendants would accept the ultimate judgment in the *Uniflex* litigation as determinative of the issues of the patent validity. Indeed, C-Thru Products, Inc. has already mailed fliers to the trade suggesting that the *Uniflex* action is dispositive only of problems in New York. Thus the Court must recognize the realities of the situation and is made aware of the prospect that if defendants in the present action are ultimately unsuccessful in the *Uniflex* litigation other litigation against plaintiffs' customers or those distributing the patented device made on plaintiffs' machines will be subject to suits brought in order to further test the validity of the Laguerre patents in other jurisdictions.

Under these circumstances the prior action, which does not involve the same parties, should not in the Court's judgment constitute a bar to the prosecution of the present action. Kerotest Mfg. Co. v. C-O Two Fire Equipment Co., 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Penn Electric Switch Co. v. United States Gauge Co., 129 F.2d 166 (7th Cir. 1942); Crosley Corporation v. Westinghouse Elec. & Mfg. Co., 130 F.2d 474 (3rd Cir. 1942). It is only through the present action (which among other things provides a means for enjoining any further efforts by the defendants here to initiate a multiplicity of suits elsewhere) that the basic controversy between the parties can be resolved.

In this connection, it should be recognized that the Court will in any event be confronted with the necessity of trying the misuse counterclaim even if jur-

isdiction were to be declined over the Amended Complaint, for the counterclaim is still a viable and separate action. Switzer Brothers, Inc. v. Chicago Cardboard Co. 252 F.2d 407 (7th Cir. 1958), and Rules 13(i) and 54(b) of the Federal Rules of Civil Procedure. The parties are in conflict in many parts of the world. While different United States patents are alleged in the counterclaim to have been misused, the patents and practices involved obviously impinge upon the general area of business which has been reviewed on the trial on the Amended Complaint. It is impossible to determine at this time whether uncertainty as to the validity of the two Laguerre patents would in any way stultify the Court's later disposition of the counterclaim.

In short, under all the circumstances it appears to be in the public interest and in the sound administration of justice for the Court to gather to itself all phases of this controversy other than the *Uniflex* case in an effort to resolve the disputes promptly and hopefully in a definitive manner. This the Court will undertake to do and to this end wishes to instruct the parties as to the next steps in the litigation.

Plaintiffs shall file a brief on validity and infringement in 30 days; defendants shall answer two weeks thereafter; and a reply brief may be filed within one week. The matter is set for argument at 10:00 a. m. on Monday, July 8, 1968. There is no necessity of awaiting this briefing and argument schedule to proceed with the misuse counterclaim. The parties are directed to appear before the Court on June 24, 1968 at 10:00 a. m. for a further and full pretrial as to the counterclaim, at which time procedures for expediting further discovery will be considered. All discovery by both parties must be scheduled at this time so that a definite trial date on the counterclaim can be set promptly. The counterclaim will be tried at a date to be set before the end of the summer. No discovery relating to the counterclaim is to be undertaken without the prior approval of the Court.

The motion to dismiss is denied. Counsel will submit an appropriate order within one week.